**Leon J. LEWIS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

United States District Court
S. D. New York.
May 7, 1964.

Leon J. Lewis, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, Charles A. Stillman, Asst. U. S. Atty., of counsel, for United States of America.

WEINFELD, District Judge.

The petitioner moves pursuant to Title 28 U.S.C. § 2255 to vacate a judgment of conviction entered upon his plea of guilty to count 2 of an indictment which charged unlawful possession of nontax paid alcohol. The basis of his motion is that he was unlawfully arrested, that the seizure of the alcohol which followed his arrest violated his constitutional rights,

and that his plea was entered in ignorance of the law. There is no occasion for a hearing since the files conclusively show he is entitled to no relief.

Prior to the entry of the plea of guilty, the petitioner's court-appointed counsel moved to suppress evidence against the defendant "by reason of the unlawful search and seizure of the arresting agents, in violation of defendant's constitutional rights." After a hearing, Judge Dawson granted the motion with respect to a still, the subject matter of count 1, and denied it as to the distilled spirits, the subject matter of count 2, which Judge Dawson found "was not unconstitutionally taken by the agents." Subsequently the defendant entered his plea of guilty to count 2 and, upon his sentence to a term of three years under which he is presently confined, count 1 was dismissed.

 The present petition in effect seeks to review the order of Judge Dawson which denied the motion to suppress the evidence relating to the count to which petitioner pleaded guilty. Section 2255 of Title 28 is not a substitute for an appeal or a means to test the validity of an order from which no appeal was taken.[1] Moreover, the objections now pressed for the vacatur of the judgment of conviction, even assuming they were of substance, do not survive the plea of guilty and afford no ground for relief under section 2255.[2] The petitioner, at the time of and prior to the entry of his plea, was represented by counsel. The minutes indicate he was specifically questioned by the Court to make certain that the plea was voluntarily and understandingly made as required by Rule 11 of the Federal Rules of Criminal Procedure. The petitioner stated that he had discussed with his lawyer the entry of the plea and that he pleaded guilty because he was guilty. Upon the entire record there is no substance to his present contention.

The motion is denied, as is petitioner's request for a copy of the transcript of the trial minutes of one of his codefendants, which has no bearing on this application.

---

1. United States v. De Fillo, 182 F.Supp. 782 (S.D.N.Y.1959), aff'd on opinion below, 277 F.2d 162 (2d Cir. 1960). See United States v. Walker, 197 F.2d 287, 288 (2d Cir.), cert. denied, 344 U.S. 877, 73 S.Ct. 172, 97 L.Ed. 679 (1952).

2. Winston v. United States, 224 F.2d 337 (2d Cir.), cert. denied, 350 U.S. 916, 76 S.Ct. 201, 100 L.Ed. 803 (1955). Accord, Sullivan v. United States, 315 F.2d 304, 305 (10th Cir.), cert. denied, 375 U.S. 910, 84 S.Ct. 203, 11 L.Ed.2d 149 (1963).