**Vincent DAVID, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

United States District Court
S. D. New York.

April 5, 1965.

Vincent David pro se.

Robert M. Morgenthau, U. S. Atty. S.D.N.Y., New York City, John A. Stich-

ter, Asst. U. S. Atty., of counsel, for respondent.

WEINFELD, District Judge.

On August 15, 1960 petitioner was sentenced in this Court to concurrent five-year terms upon his previously entered plea of guilty to violation of the narcotics laws. Having recently been reincarcerated as a parole violator, he moves for relief under Section 2255 of Title 28, United States Code. His grounds are varied: that he was not "booked" in the district where the crime was committed; that he was not immediately arraigned, but instead interrogated while he was without benefit of counsel; that statements elicited from him were used to procure his indictment; that he was not afforded an opportunity to participate in the selection of grand jurors, and that "ethnic" exclusion was practiced in their selection.

Assuming arguendo the verity of petitioner's allegations and further that in such event they legally warrant collateral relief,[1] they do not survive his guilty plea —the voluntariness of which he does not attack. By the plea, entered after he had conferred with court-appointed counsel and been advised of his rights by the Court, petitioner waived any claims that he might have had with respect to the initiation of the prosecution.[2]

Accordingly, no hearing is required and the application for relief under Section 2255 is denied.[3]

---

1. See McFarlane v. United States, 231 F. Supp. 191 (S.D.N.Y.1964). Cf. Costello v. United States, 350 U.S. 359, 363, 76 S. Ct. 406, 100 L.Ed. 397 (1956); United States v. D'Angiolillo, 340 F.2d 453, 456 S.Ct. 1090, 13 L.Ed.2d 972 (March 29, 1965).

2. E.g., United States v. Spada, 331 F.2d 995 (2d Cir.), cert. denied, 379 U.S. 865,

85 S.Ct. 130, 13 L.Ed.2d 67 (1964); Winston v. United States, 224 F.2d 337 (2d Cir.), cert. denied, 350 U.S. 916, 76 S. Ct. 201, 100 L.Ed. 803 (1955); Lewis v. United States, 228 F.Supp. 958 (S.D. N.Y.1964).

3. Sanders v. United States, 373 U.S. 1, 6, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).