## (September 21, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH F. BILINSKI, Appellant.— Appeal from a judgment of County Court, Saratoga County rendered December 17, 1971, upon a plea of guilty convicting defendant of the crime of grand larceny in the third degree. On June 29, 1971 an armed robbery took place at a drugstore in the City of Saratoga Springs, New York. The following morning appellant was arrested and charged with robbery in the second degree. He was held after a preliminary hearing, and subsequently was indicted for robbery in the second degree and grand larceny in the third degree. As a result of allegedly improper showup identification, appellant moved to suppress identification testimony of two witnesses (CPL 710.20). A suppression hearing was held and a finding was made that although there was an improper exhibition of appellant as a suspect to both witnesses, such was not conducive to irreparable mistaken identification so as to result in a denial of due process (*People* v. *Bilinski,* 68 Misc 2d 540, 545). Appellant pled guilty to the charge of grand larceny and appealed from the judgment of conviction (see CPL 710.70, subd. 2). The question raised on this appeal is whether the People established by clear and convincing evidence at the suppression hearing, that the proffered in-court identification had an origin independent of the witnesses' observation during the improper showup identification (*Stovall* v. *Denno,* 388 U. S. 293; *People* v. *Rahming,* 26 N Y 2d 411; *People* v. *Logan,* 25 N Y 2d 184). Witness Wroblewski, who was standing nearby waiting for his tennis partner, saw the robber leave the store and run across the street. He observed the robber in daylight, without disguise as close as 10 feet away, and even recalled a portion of the plate number of the robber's vehicle. Witness Galligan, who was a clerk at the store at the time of the robbery, saw the robber for about 15 minutes with his face partially covered with a handkerchief and a hat which came to about mid-forehead. For a short while she saw him without any disguise at all. The following morning both witnesses separately identified appellant from a series of six photographs. Wroblewski's identification was without qualification while Galligan stated " this looks like the man ". Then both witnesses were asked by the police to further identify the suspect as he was walking across the street with his attorney, which they did. Subsequently at the suppression hearing, Wroblewski testified that his identification was based upon what he observed near the scene of the crime and witness Galligan could not understand why the showup of appellant to her should affect her ability to identify him because when he was pointed out to her after her photograph identification he was without a mustache, wore different clothes and wore his hair differently from the person she saw committing the robbery. From this testimony it was shown that both identifications of the witnesses did have an independent source and that the improper showup did not affect the reliability of their testimony. Although the exhibition of appellant without benefit of a lineup was improper, the viewing of him with a substantial change in his

appearance would tend to test the reliability of the photograph identification rather than to be unnecessarily suggestive and conducive to an erroneous identification. The ultimate purpose of conducting showup identification is to rule out an erroneous identification, and to accomplish this objective the People need not remove every reasonable doubt at the suppression hearing. While the strength of the Galligan testimony is qualitatively subject to question, the failure to suppress the same, considering the clear testimony of Wroblewski, could only be harmless error (*People* v. *Gonzalez*, 27 N Y 2d 53, 58). Judgment affirmed. Herlihy, P. J., Cooke, Kane and Reynolds, JJ., concur; Simons, J., concurs in the result.