## FOURTH DEPARTMENT, JANUARY, 1974

### (January 11, 1974)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STUART WILLIAMS, Appellant.— Judgments affirmed. Memorandum: An examination of the record of the suppression hearing, including a review of the video tapes of the statement made by defendant and the stipulated transcript thereof, supports the orders denying the motions to suppress. The court did not err in accepting defendant's reduced plea of guilty of manslaughter in the first degree under each indictment; and the sentences imposed were not excessive.

All concur, Witmer and Cardamone, JJ. in separate memoranda. Memorandum, Witmer, J.: Besides urging that the record supports the orders denying the motions to suppress, the District Attorney argued, as an additional ground for affirmance, that before the guilty pleas were accepted, and as a condition thereof, defendant waived his right to appeal from the orders denying suppression. The record confirms this. Since we find that defendant's statement to the police was voluntarily made and was properly held to be admissible if defendant went to trial, it is unnecessary for us to reach this alternate ground urged by the District Attorney. However, because of the possibility that on review hereof the Court of Appeals should be inclined to reverse our determination that the orders denying suppression were properly made, I express my further view that the waiver of his rights to appeal from such orders bars defendant from raising on this appeal any question with respect to the validity of the orders denying his motions to suppress, and that the judgments should also be affirmed because the appeals do not properly bring up those orders for review. After defendant had been indicted for the two alleged murders in this case, to wit, of Richard Giff on October 5, 1968 and Delores Sekuterski on March 29, 1970, the court assigned separate attorneys to represent defendant, one for each crime, respectively. Before the suppression motions were heard the District Attorney offered to accept from the defendant reduced pleas of manslaughter in the first degree but defendant declined so to plead. Thereafter, the suppression hearings were had at considerable length and the court denied the motions. The indictments were then moved for trial. At that time defendant changed his mind and offered to plead guilty to manslaughter first degree on each indictment in satisfaction thereof. Because the People were then ready for trial, with witnesses ready, and because of the age of the crimes and the danger of losing the witnesses, the District Attorney refused to accept the pleas unless defendant would waive his right to appeal from the orders previously made denying his suppression motions. Of course, the District Attorney is not required to agree to accept a plea of guilty to a lesser charge, nor is a court required to accept a plea of guilty (*Santobello* v. *New York,* 404 U. S. 257, 262; *Lynch* v. *Overholser,* 369 U. S. 705, 719). After conferring further with his attorneys and after the court called to the special attention of defendant and his attorneys the fact that the District Attorney would only accept the pleas on condition that defendant waive his right to appeal from the orders denying suppression, defendant pled guilty to manslaughter, first degree. The court interrogated defendant's attorneys about their investigation of these cases and questioned defendant about the details of the killings, and then accepted the guilty pleas. The court's action can in no way be interpreted as a denial to defendant of his right to appeal, which is regarded as "an integral part of our judicial system" (*People* v. *Pride,* 3 N Y 2d 545, 549). Unquestionably, defendant made a knowing and voluntary waiver of his right to appeal from the orders denying his suppression motions. He, therefore, is precluded from having this court review them on appeal unless waiver of the right to appeal from such an order may not be waived. Since even greater rights may be waived, such as the right to jury trial, it seems clear to me that in order to obtain acceptance of a reduced plea a defendant may waive his right to appeal from an order denying his motion to suppress evidence. This is in accord with the holding that a district attorney may attach to his acceptance of a plea of guilty to one count of an indictment a condition that the remaining counts will be dismissed only if defendant does not appeal from his conviction on the count to which he pleads guilty (*People* v. *Irizarry,* 27 N Y 2d 856; *People* v. *Chaney,* 25 N Y 2d 966). It has been held that a dis-

trict attorney will be required to perform specifically his promise to make no recommendation as to the sentence to be pronounced upon a defendant's plea of guilty (*Santobello* v. *New York*, 404 U. S. 257, *supra*). This rule, of course, is to protect a defendant in his plea; but there seems no reason why the rule should not work both ways where it is clear that each side has acted in good faith, freely and with full knowledge of all the attendant circumstances. It is argued on behalf of defendant that by enacting CPL 710.70 (subd. 2) the Legislature has established as a matter of public policy defendant's right to appeal. As above noted, it may likewise be said that the right to jury trial embodied in the Constitution is a matter of public policy, and yet waiver of that right is expressly authorized by statute (CPL 320.10) and is often exercised. Beyond that, however, just what is the basis of the public policy supporting the right to appeal? I suggest that it has two aspects, (1) to relieve calendar congestion by permitting the parties, both the People and the defendant, to avoid what they deem to be a superfluous trial in the event that a confession or statement is admissible upon the trial, and yet have a review of the order denying suppression and (2) permitting a defendant to gain the benefit of plea bargaining without forfeiting his right to appeal from the order denying suppression. To deny to the People the right to demand waiver of the right to appeal from an order denying a motion to suppress may very well run counter to the public policy of permitting a defendant to plead to a lesser crime in lieu of standing trial and risking conviction of the crime for which he stands indicted. In cases, such as this one, where the People are ready for trial and genuinely feel that they should proceed to trial absent such waiver and where both sides are well aware of all factors involved and act freely and in good faith, I think that public policy favors permitting such waiver of the right to appeal from an order of suppression, and that defendant should be bound by his agreement. We do not need to fear that if the district attorney can refuse to accept a reduced plea unless the defendant waives his right to appeal from such order, district attorneys will adopt such practice in every case. In the face of a holding that such a waiver may be binding, defendants will refuse to waive and plead guilty where they have a reasonable chance of success on a trial, and the People will not in such case undertake to exact the promise of waiver and cause further delay in disposition of their cases. Not only that, but the great majority of cases, as heretofore, will involve indictments for recent crimes where the danger of loss of witnesses is less acute; and, of course, the People will not insist on proceeding to trial if their case is weak. Moreover, we are dealing here only with one class of case, to wit, waiver of the right to appeal from a denial of suppression motion. We need not anticipate problems involved in pleas in other cases. For this reason, also, I vote to affirm the judgments. Memorandum, Cardamone, J.: Defendant contends upon these appeals from two judgments entered upon guilty pleas to manslaughter, first degree that: (1) the court erred in denying suppression of his oral statements at police headquarters on February 2, 1971 which, without his knowledge, were recorded on video tape; (2) the court erred in accepting his pleas of guilty by not making further inquiry into the facts in view of defendant's highly emotional condition; and (3) the sentences were excessive. The People dispute these contentions and also urge upon us that defendant is barred from appealing from the intermediate orders denying suppression because he waived his right to appeal. After adverse decisions on his suppression motions and when the cases were reached for trial, defendant asked the trial court to withdraw his pleas of not guilty to two charges of murder and to plead guilty to manslaughter in satisfaction

of each indictment. The District Attorney 'refused to accept the pleas unless defendant agreed to waive his right to appeal from the orders previously made denying his suppression motions. After conferring further with his attorneys and after the court called to the special attention of defendant and his attorneys that the District Attorney would only accept the pleas on condition that defendant waive his right to appeal from the orders denying suppression, defendant pled guilty to two charges of manslaughter, first degree. Unquestionably, defendant made a knowing and voluntary waiver of his right to appeal from the orders denying his suppression motions. He would, therefore, be precluded from having this court review the denials of the motions to suppress unless .the right to appeal therefrom may not be waived. On entry of a guilty plea, the accused waives a multitude of constitutional rights. The central waiver is that of the defendant's right to trial by jury (*Duncan* v. *Louisiana*, 391 U. S. 145). Other trial rights waived include the right to confront one's accusers (*Pointer* v. *Texas*, 380 U. S. 400); the right to compulsory process for obtaining favorable witnesses (*Washington* v. *Texas*, 388 U. S. 14); to object to an illegal arrest (*Bradford* v. *Lefkowitz*, 240 F. Supp. 969); to an improperly obtained confession (*United States ex rel. Richardson* v. *McMann*, 408 F. 2d 48, vacated on other grounds 397 U. S. 759); or to other violations of the privilege against self-incrimination (*United States ex rel. Brown* v. *La Vallee*, 301 F. Supp. 1245); to improper identification practices (*People* v. *Coles*, 34 A D 2d 1051); and to the running of the Statute of Limitations (*United States* v. *Doyle*, 348 F. 2d 715, cert. den. 382 U. S. 843). Similarly, the entering of a plea of guilty waives the right to a properly obtained indictment (*David* v. *United States*, 240 F. Supp. 331) and a speedy trial (*United States ex rel. Pizarro* v. *Fay*, 353 F. 2d 726). Generally, a valid guilty plea constitutes a waiver of all nonjurisdictional defects underlying the defendant's conviction. (*Brady* v. *United· States*, 397 U. S. 742; *McMann* v. *Richardson*, 397 U. S. 759; *North Carolina* v. *Alford*, 400 U. S. 25.) However, New York law grants a right to appeal where a motion to suppress evidence is denied notwithstanding the plea of guilty (CPL 710.70, subds. 2, 3). New York has thus provided a specific statutory exception to the general rule that a plea of guilty bars a defendant from raising alleged nonjurisdictional defects on appeal. The guilty plea in such circumstances thus becomes a procedural device permitting review of the defendant's constitutional claims without the necessity of a trial and the concomitant waste of time, money and manpower. (See *United States ex rel. Rogers* v. *Warden of Attica State Prison*, 381 F. 2d 209.) It is the People's contention that the defendant is barred from appealing from the intermediate orders denying suppression, because he expressly waived his right to appeal when he agreed to plead guilty to the lesser offenses and when the trial judge accepted those pleas conditioned upon the waiver of the right to appeal. There is no case law nor statutory provision authorizing a District Attorney to require a defendant to waive his right to appeal as a condition to the acceptance of a plea. *People* v. *Chaney* .(25 N Y 2d 966), although at first blush may appear to sanction such a condition, is not a case countenancing the waiver of the right to appeal. In *Chaney*, defendant pleaded guilty to the crime of attempted robbery, first degree. He was concurrently charged in an unrelated indictment with murder in the first degree. Prior to accepting defendant's plea, the trial court told defendant that the murder indictment was still " alive " but the District Attorney had agreed " 'that you will not be prosecuted on this indictment, and that the indictment will be dismissed, after you have served the sentence that I am going to impose on you for the attempted rob-

bery charge. That will go on the record. It is binding on the district attorney * * * they will only try you in the event you disturb the sentence or the plea.'" (25 N Y 2d 966, 967.) Thus, rather than waiving his right to appeal, the defendant, in *Chaney*, was always free to exercise this right. The effect of collaterally attacking his conviction would be to open the door for the prosecutor to proceed with the trial of an unrelated offense; however, such an arrangement was limited solely to the trial stage and therefore did not foreclose defendant's right to appeal. A motion to suppress seeks a judicial determination of the legality of the State's procedures rather than of the guilt or innocence of the defendant. The statute provides that such determination is subject to judicial review notwithstanding a plea of guilty (CPL 710.70, subds. 2, 3). In my view, the Legislature did not intend to grant to the court taking the plea the power to condition its acceptance upon a waiver of the right to appeal. If a guilty plea has been voluntarily, intelligently, and lawfully entered, there is no justification to obtain the further concession from a defendant that he surrender, additionally, whatever statutory rights he may have to direct appeal or collateral review. To sanction such arrangements serves no proper interest of justice and would only invite attempts to insulate unlawfully obtained guilty pleas from appropriate appellate review. (Appeals from judgments of Erie Supreme Court convicting defendant of manslaughter, first degree.) Present — Marsh, J. P., Witmer, Cardamone, Simons and Henry, JJ.