Stevens, J.
The question here is whether, as defendant contends, his waiver of a determination by the court at the conclusion of a suppression hearing is invalid as a matter of law. Defendant urges this is so because the waiver was a precondition to the offer of a reduced plea and, further, defendant was denied an adequate opportunity to weigh the consequences of such waiver.
A brief recital of the facts is in order. Defendant was arrested October 6,1971 in the hallway of a building by officers responding to a call of a burglary-in-process. A similar alarm had occurred the previous night. At the time he was first observed by the officers, his left hand was in his pocket and his right -hand held a paper bag. Defendant, a Chilean national, failed to respond to questions apparently because he was not conversant with the English language.
When patted down, a bulge in his pants pocket proved to be a set of keys. The officers, believing that a gun might be in *465 the paper bag, opened it and found two plastic bags filled with a white crystalline substance, later found to be in excess of two pounds of 70.3% pure cocaine. One of the keys fitted a nearby apartment where, in plain view, was several thousand dollars in currency. With the aid of a neighbor, defendant was given, in Spanish, the Miranda warnings. The warnings were repeated at the precinct. Ownership of the drugs was admitted and later that evening defendant handed over approximately 17 additional pounds of cocaine.
After indictment, defendant moved to suppress the physical evidence seized. On January 25, 1972, when the hearing was completed, defendant requested and received an adjournment to the following day to prepare a summation. Counsel indicated there had been a discussion of a possible disposition with the District Attorney and with defendant, whose chief concern was that he might not be given parole because he was a foreign national.
On January 26, 1972, the possibility of withdrawal of the motion, acceptance of a guilty plea, and defendant’s parole situation were examined. The Assistant District Attorney stated, “ if the defendant were willing to withdraw his motion to suppress and offer to plead guilty to the class B felony of possession ”, the People would recommend that his plea be accepted and that the maximum possible sentence be imposed. The Assistant District Attorney enumerated some of the possible rights defendant might be giving up by withdrawal of his motion to suppress and he informed the court that the People would not use defendant’s foreign nationality as a basis for opposing parole after service of a minimum term of imprisonment.
On January 27, 1972, prior to announcement of the court’s decision on the motion, defendant withdrew his motion to suppress and entered a plea of guilty to a class B felony. An indeterminate sentence was imposed with a maximum term of 25 years.
On this appeal defendant does not request a vacatur of the plea as involuntarily entered, but only that this court remand for further proceedings on the suppression motion, asserting inter alia that his waiver of a determination was invalid as a matter of law.
*466 The record negates defendant’s contention that he had no adequate opportunity to weigh the waiver’s consequences. Not only did defense counsel state that he had had a long discussion with defendant before the summations,, but defendant answered in the affirmative when asked by the court if he had 1 ‘ sufficient time to talk this over with your lawyer ”, Moreover, the court conducted a full and lengthy interrogation of defendant through an interpreter* which leaves no doubt that defendant understood the possible consequences of a guilty plea. The court informed counsel “ if the Court grants your application to withdraw the motion to suppress * * * It [the withdrawal] wi]l not be in consideration of anything.” Counsel stated he understood the significance of the statement.
Since defendant moved to suppress before trial, the trial could not be commenced until determination of the motion (CPL 710.40, subd. 3). Thus, the court properly informed defendant that following his decision on the motion, the trial would proceed. In light of the evidence in this case — almost 20 pounds of cocaine — defendant undoubtedly realized that if his motion were denied, he faced the risk of conviction of a class A felony with a mandatory life sentence. Such an awareness was reasonably a major factor inducing the plea. Had the motion been denied, review upon appeal would not have been precluded, notwithstanding the fact that the judgment was entered upon a plea of guilty (CPL 710.70, subd. 2). While the statute provides that a motion to suppress is the exclusive method of' challenging the admissibility of physical evidence alleged to have been unlawfully seized, it is not mandatory that a defendant make such motion. He can waive his right to a judicial determination by failing to do so (CPL 710.70, subd. 3). If the right can be waived by a failure to take affirmative action, no good reason is shown why defendant may not elect to waive the final step in the process, namely, a judicial determination on the merits.
Nor is it obligatory that a reduced plea be offered a defendant. A defendant may as a matter of right enter a plea of “ not guilty ” to the indictment or, as a matter of right, enter a plea of “ guilty ” to the indictment, save as to murder where the possibility exists that the defendant could ultimately be sentenced to death (CPL 220.10, subds. 1, 2, 3 [now subds. *467 1, 2, 6, par. (c)]). Here the indictment charged hut one crime, a class A felony, and before defendant could enter a plea of guilty to a lesser crime, it was necessary that the permission of the court and the consent of the People be given (GPL 220.10, subd. 4). Since, in effect, permission to enter a lesser plea is a matter of grace, reasonable conditions may be attached thereto. "What is reasonable is generally a question of fact attendant upon the circumstances.
Since the suppression hearing was concluded save for the decision, it was not an unreasonable condition of the offered plea, in the circumstances of this case, that defendant withdraw the motion. Exigencies and circumstances are not ignored in determining what is reasonable. Defendant’s fear as to the question of possible parole or deportation were satisfied by the assurance given by the People prior to the withdrawal of his motion. Not all searches are prohibited, only unreasonable searches, seizures or interceptions (N. Y. Const., art. I, § 12; U. S. Const., 4th Amdt.). Since the defendant could waive his right to attack the search as unreasonable, he could waive the right to an ultimate determination of his claim. There was a knowing and intelligent decision to withdraw the motion. In doing so and entering a guilty plea, defendant consciously waived his right to a jury trial. Such right may be waived (N. Y. Const., art. I, § 2). His contention that there was an invalid waiver, as a matter of law, of a determination, is found to be without merit.
We distinguish this case from the cases of People v. White, (32 N Y 2d 393) and the more recent case of People v. Blakley, (34 N Y 2d 311), both involving the waiver of the constitutional right to a speedy trial. A brief factual recital will illustrate the major points of difference.
In People v. White (supra) the defendant was indicted for robbery in the first degree. There was a delay of some 51 months in bringing the defendant to trial, with an offer of a plea one day before the scheduled date for trial which, at the request of the Assistant District Attorney, had been advanced to December 15, 1971. At the time the plea was offered, there was a motion pending by defendant, returnable December 17, 1971, to dismiss on the ground that he had been denied Ms constitutional and statutory right to a speedy trial The offer *468 of a lesser plea was conditioned upon its acceptance before determination of the motion, and was accepted on that basis. In reversing the order affirming the judgment of conviction this court found there was both coercion and duress, and that the delay of some 51 months was unreasonable. The court said, “ A defendant may, of course, waive his right to a speedy trial [citations omitted], but the waiver of a constitutional right, like any other, must be both * knowingly and voluntarily made.’ [Citations omitted.] Nor may 'his guilty plea be coerced, by actual physical compulsion, threats and the like or ‘ by the duress of circumstances. ’ ” (People v. White, supra, p. 399). “ [T]he defendant had no time to apprehend the 1 relevant circumstances and likely consequences ’ of his waiver.” (People v. White, supra, p. 400). The court found that the high-handed tactic of the Assistant District Attorney, in his limitation that the defendant’s decision be given before the outcome of the speedy trial motion or the “•* deal was off ’ ”, amounted to “ ‘ undue pressure ’ ” and the defendant was not afforded a sufficient opportunity “ to weigh the relative merits of the plea offered against the hazards of a trial.” (p. 400).
In People v. Blakley (supra) the crime occurred November 15, 1965, defendant was indicted - January 11, 1966, and the case came to trial February 4, 1969. A motion to dismiss for failure to prosecute was made in February, 1968 and denied for alleged good cause under the then applicable provisions of section 668 of the Code of Criminal Procedure.
A plea to a lesser crime was offered during trial on condition that defendant “ ‘ withdraw any motions made heretofore by prior counsel and himself. ’ ” (People v. Blakley, supra, p. 314). In reversing the conviction entered upon such plea, this court found that the prosecutor had failed to show good cause for the 34-month delay attributed solely to the People.
“ The right to a speedy trial is genetically different from any of the other rights enshrined in the Constitution for the protection of the accused.” (Barker v. Wingo, 407 U. S. 514, 519). It is a more vague concept than other procedural rights. In Barker v. Wingo, the Supreme Court notéd and discussed some of the differences and possible consequences to a defendant and to the People when the right to a speedy trial is denied or ignored.
*469 . In the instant ease there was neither unreasonable nor unexplained delay, as in the White and Blakley cases. The pressure, if any, in this case, which occasioned defendant’s reluctance to accept the offered plea was a fear that, as a foreign national, parole might not be available. "When that fear was allayed by the assurance given by the prosecution, the final obstacle to acceptance of the plea was removed. Again, in People v. White (supra), the difference in the degree of possible punishment, coupled with the condition and time limitation imposed by the prosecution, had a direct coercive effect and placed such pressure upon the defendant as to preclude a reasoned consideration of his plea. The record herein indicates that there had been a continuing discussion of a plea between the Assistant District Attorney and defense counsel, as well as between defendant and defense counsel. Such discussions afforded defendant sufficient opportunity to weigh “ the relative merits of the plea offered against the hazards of a trial ” and assured that the plea was voluntary.
The order appealed from should be affirmed.
Chief Judge Breitel and Judges Jasen, Gtabbielli, Jones, Waohtleb and Babin concur.
Order affirmed.