■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREMONT J. CONRAD, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered November 14, 1975, convicting defendant, upon his plea of guilty, of the crime of burglary in the third degree and sentencing him to an indeterminate prison term with a maximum of four years. Following a *Huntley* hearing conducted in response to his motion to suppress a certain oral statement given to police authorities, defendant pleaded guilty to a charge of third-degree burglary in full satisfaction of a four-count indictment then pending against him. On this appeal he maintains that the motion to suppress should have been granted and claims that the sentence he received is unduly harsh and excessive. Nothing contained in the transcript of the *Huntley* hearing persuades us that the contested statement was obtained under circumstances which would necessarily preclude its admissibility as evidence. In any event, the record fails to disclose that a determination was made on the motion to suppress before defendant entered his plea of guilty. He does not attack the voluntariness of that plea or suggest that it was improperly conditioned upon the withdrawal of that motion. Accordingly, while a formal order specifically denying a motion to suppress may not be required (see, e.g., *People v Franklin,* 46 AD2d 189), defendant has failed to preserve the issue he now seeks to raise for our review *(People v Williams,* 36 NY2d 829; *People v Esajerre,* 35 NY2d 463). Finally, we have examined defendant's remaining argument and find no clear abuse of discretion by the sentencing court which would warrant our interference with the sentence imposed. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Main and Herlihy, JJ., concur.