■ MARGARET MOTT, Appellant, v EVONNE GOOLAGONG, Also Known as EVONNE CAWLEY, Respondent.—Order, Supreme Court, New York County, entered on December 27, 1976, unanimously affirmed for the reasons stated by Fein, J., at Special Term. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur—Kupferman, J. P., Lupiano, Birns and Capozzoli, JJ.

■ In the Matter of MAYRED ASSOCIATES, Appellant, v DANIEL W. JOY, as Commissioner of the Department of Housing and Rent Administration of the City of New York, Respondent, and LEONARD KAHN, Intervenor-Respondent.—Judgment, Supreme Court, New York County, entered on December 22, 1976, unanimously affirmed for the reasons stated by Schwartz, J., at Special Term, without costs and without disbursements. Concur—Kupferman, J. P., Birns, Capozzoli and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RIVERA, Appellant.—Judgment, Supreme Court, Bronx County, rendered September 8, 1975, convicting defendant, upon his guilty plea, of assault in the first degree and sentencing him to an indeterminate term not to exceed 10 years, unanimously affirmed. On August 2, 1974, the defendant shot Juan Cortez during an argument. On August 31, 1974, the defendant and three others were stopped by the police who searched their car and found three guns and a quantity of heroin. The defendant was indicted for the attempted murder of Cortez. By separate indictment the defendant and three others were indicted for criminal possession of the drugs and weapons. Their motion to suppress the drugs and weapons was denied. The three others pleaded guilty to the criminal possession indictment. This defendant pleaded guilty to assault in the first degree in satisfaction of the attempted murder indictment, the plea also to cover the criminal possession indictment. As the result of an appeal testing the validity of the police search of their car (see *People v Allende,* 39 NY2d 475), the convictions of the other three have been reversed and the criminal possession indictment against them dismissed. It is this defendant's contention here that the illegal search and consequent suppression of the weapons found in *Allende* requires the reversal of his conviction for assault in the first degree. Other than a naked assertion by defendant's counsel, we find no linkage between the shooting of Cortez by the defendant and the possession 29 days later of drugs and guns by the defendant and three others. The prosecution has never made a claim that one of the guns found in the car was used to shoot Cortez; there is no evidence of it nor has the defendant ever admitted it. Consequently we must hold that the judgment of conviction on appeal here did not ensue from the denial of the motion to suppress and the latter is, therefore, not reviewable (CPL 710.70, subd 2). Concur—Kupferman, J. P., Silverman, Markewich and Lynch, JJ.