## (January 31, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL WILLIAMS, Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered November 30, 1977, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree, robbery in the second degree and escape in the first degree. In the early morning hours of March 19, 1976, a 91-year-old man, named Frank Ross, was beaten and robbed in his Schenectady home by three males. Defendant was charged by the Grand Jury with participation in this incident in a six-count indictment and, while incarcerated in the county jail, he escaped on October 13, 1976. This escape and events which defendant allegedly committed prior to being recaptured led to an additional 15-count indictment being handed down against him. Just prior to going to trial on the first indictment, a plea bargain concerning both indictments was agreed to on September 8, 1977 whereby defendant pleaded guilty to robbery in the first degree in full satisfaction of the first indictment, and to escape in the first degree and robbery in the second degree in full satisfaction of the second indictment. Defendant was subsequently sentenced to concurrent indeterminate sentences of 5 to 20 years, 2⅓ to 7 years and 5 to 15 years, respectively. On this appeal, defendant contends that (1) he was denied effective assistance of counsel rendering his plea involuntary, (2) statements given to police during interrogation on May 5, 1976 should have been suppressed since he was not fully advised of his constitutional rights, and (3) a photo identification made by the victim on May 6, 1976 was improperly suggestive. Defendant's first argument can be disposed of summarily. He did not complain about his counsel, one Robert Zevner, until the day his trial was to begin. Zevner had represented defendant for some 16 months and had participated in *Wade* and *Huntley* hearings on defendant's behalf in addition to extensive plea negotiations with the District Attorney's office. Although we are puzzled why Zevner never requested a determination of the suppression motion following the *Wade* hearing (see discussion of issue [3], *infra),* a review of the entire record does not indicate that attorney Zevner's representation was so ineffective or inadequate as to make defendant's plea involuntary (cf. *People v Droz,* 39 NY2d 457; *People v La Bree,* 34 NY2d 257). The second contention advanced by defendant concerns the three written statements he gave to police on May 5, 1976 implicating himself in the March 19, 1976 robbery. These statements were the subject of a *Huntley* hearing and the resulting motion to suppress was denied. Defendant signed a waiver of rights form prior to making each statement and was periodically told during

the eight-hour period in which the interrogation occurred that he had a right to discontinue the interview. It, therefore, appears that defendant was advised of his constitutional rights which he knowingly and voluntarily waived. The more difficult. question raised on this appeal concerns the victim's photo identification of defendant on May 6, 1976 after being shown an array of eight photographs of black males. Each photograph had a date on it. Defendant claims that the array was impermissibly suggestive since only his photograph had a 1976 date and the victim was told prior to the identification that a suspect in the case had recently been arrested. Before reaching the merits of this argument, we must first determine whether this issue has been preserved for appellate review. CPL 710.70 (subd 2) allows review of an order denying a suppression motion even where a defendant pleads guilty. The problem in this case is that even though a *Wade* hearing was held on October 1, 1976 and a motion to suppress made, the motion was never decided. When the defendant was about to go to trial some 11 months later, his attorney never brought the pending motion to the court's attention, and it was not mentioned in any of the discussions which preceded acceptance of defendant's plea by the court. While it is true that a defendant can waive his right to a determination of his suppression motion upon entering a plea of guilty *(People v Esajerre,* 35 NY2d 463; *People v Conrad,* 54 AD2d 777), such a waiver should not be presumed in the absence of specific language indicating this to be the defendant's intent. A review of the record in this case indicates that neither the defense attorney nor the Judge was aware of the suppression motion still pending, and defendant should not be found to have waived judicial review of the propriety of the May 6, 1976 photo identification. We conclude that the photo identification procedure employed was not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification (see *United States v Counts,* 471 F2d 422, cert den 411 US 935; *Frederick v Reshetylo,* 363 F Supp 956; *United States ex rel. Reed v Anderson,* 343 F Supp 116). Moreover, even if we were of the view that the procedure was constitutionally defective, it would not require the suppression of the victim's potential in-court identification where, as here, the People established by clear and convincing evidence at the suppression hearing that the proffered in-court identification had an independent origin since the victim had ample opportunity to observe defendant during the commission of the crime *(People v Ballott,* 20 NY2d 600; *People v Bilinski,* 40 AD2d 617). The judgment of conviction should, accordingly, be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.