THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS GERALD CORTI, Appellant.

Second Department, August 16, 1982

APPEARANCES OF COUNSEL

*Arthur J. Selkin* for appellant and appellant *pro se.*

*John R. King, District Attorney* (*Bridget R. Rahilly* of counsel), for respondent.

OPINION OF THE COURT

MANGANO, J.

The primary issue addressed on this appeal is whether, in a criminal matter, issues raised in a pretrial motion to suppress evidence under CPL 710.20 are waived and appellate review forfeited, when a defendant, without *expressly* waiving the final disposition of his suppression motion, enters a plea of guilty while that motion remained pending and undecided. We answer in the affirmative and hold that an express waiver is not required.

Defendant was accused of having killed his father by shooting, stabbing and striking him to death, and, by a Dutchess County indictment, dated November 26, 1974, was charged with murder in the second degree.

By notice of motion dated December 11, 1974, defendant moved, pretrial, to suppress certain confessions and admissions he had made to law enforcement officials. The record

contains no papers in opposition to this motion nor any decision or order disposing of the motion in whole or in part.

On April 21, 1975, defendant, in open court, moved to withdraw his previously entered plea of not guilty and to enter a plea of guilty to the crime of murder in the second degree, as charged in the indictment. After advising defendant of his constitutional rights and their waiver as effected by his guilty plea, and after inquiring into the voluntary nature of his plea and defendant's understanding that it would "end * * * the matter as far as a trial goes", the County Court elicited from defendant that he had consulted with his attorney before deciding to plead guilty, that he had no further questions for his attorney and that he was satisfied with his attorney's services. The court then asked defendant to recite, in his own words, the facts of the instant offense.

Defendant stated that, while visiting with his father, he had taken some barbiturates "in order to get high". His father had witnessed this and gotten very upset. They argued. Defendant's father hit him with a club and then called the police. When the police arrived, defendant was hiding on a neighbor's property. When the police left, he returned to his father's house and his father bandaged his wounds. The following morning, they argued again. Defendant, who had taken more barbiturates, warned his father not to call the police, and then disconnected the telephone. With a gun in his pocket, he went after his father and finally caught up with him near the garage. There, his father hit him with a stick and ran to his truck to call the police by radio. Defendant then broke the back windshield of the truck with a hammer and cautioned his father not to call the police. His father came out of the truck holding something and defendant, with his gun in hand, cocked the trigger, made a motion to run, and then fired several times, shooting his father. Defendant admitted to the court: "I had stopped momentarily and I realized what I had done and I was under the influence of drugs still, and I realized what I had done then." He also admitted: "I shot my father several times and I stabbed him several times to make sure the body was dead".

The guilty plea was accepted.

On May 30, 1975, defendant was sentenced to an indeterminate term of imprisonment of 15 years to life, the minimum available sentence authorized by law (Penal Law, §§ 60.05, 70.00). In imposing sentence, the County Court indicated that it had read the minutes of the guilty plea and the probation report, and had reviewed defendant's criminal history, which was not insubstantial.

It should be noted that defendant never challenged his guilty plea in the County Court by motion to vacate or otherwise.

Defendant now appeals his judgment of conviction and raises the issues that certain statements to law enforcement officials were obtained in violation of his right to counsel and should have been suppressed. Since he pleaded guilty pretrial and his suppression motion was never heard or finally decided, there is neither a trial record nor a record on the motion, nor, for that matter, any factual record on this subject. Appellate review is therefore precluded. (See *People v Charleston,* 54 NY2d 622; *People v Johnson,* 51 NY2d 986; *People v De Mauro,* 48 NY2d 892.) Beyond this, however, we hold that defendant, by pleading guilty prior to a decision on his suppression motion, waived final determination of the motion, and thus failed to preserve any suppression issue for appellate review. We further hold that the plea of guilty itself, without more, created this waiver and effected the forfeiture of appellate review.

It is well settled that a motion to suppress evidence under CPL article 710 is the exclusive remedy available to criminal defendants for challenging the admissibility of illegally obtained evidence (CPL 710.70, subd 3; *People v Esajerre,* 35 NY2d 463). As such, it need not be employed by every criminal defendant in every criminal case, and use of the remedy can be waived simply by failing to use it (CPL 710.70, subd 3). It follows from this that if the right to seek suppression can be waived by a failure to take affirmative action in the first instance, then a defendant who has made such a motion may also elect to waive the final step in the motion process, namely, a judicial determination on the merits. (*People v Esajerre, supra,* p 466.) Obviously, this waiver may be expressed on the record, but the

question is whether it must be, and if a guilty plea, without more, can effect such a waiver. In *People v Williams* (73 AD2d 1019), the Third Department held that express waiver is necessary. "While it is true that a defendant can waive his right to a determination of his suppression motion upon entering a plea of guilty *(People v Esajerre,* 35 NY2d 463; *People v Conrad,* 54 AD2d 777), *such a waiver should not be presumed in the absence of specific language indicating this to be the defendant's intent." (People v Williams, supra,* p 1020; emphasis added.) This court in *People v Scott* (83 AD2d 567) cited *Williams* with approval and held that a defendant who had pleaded guilty while his suppression motion was pending and had not expressly waived its final determination was entitled to such a determination.

By today's decision, we choose not to follow the holding of the Third Department in *People v Williams* (73 AD2d 1019, *supra),* and, to the extent that *People v Scott* (83 AD2d 567, *supra)* is in accord with *Williams,* it is overruled.

A guilty plea waives all nonjurisdictional defects in a criminal proceeding. (See *People v Thomas,* 74 AD2d 317, affd 53 NY2d 338; *People v Lieberman,* 79 AD2d 175, 178-179 [SILVERMAN, J., concurring]; *People v Palmer,* 63 AD2d 1090, 1091; *People v Meachem,* 50 AD2d 953; *People v Smith,* 41 AD2d 893; see, also, *People v Williams,* 43 AD2d 884, affd 36 NY2d 829; *People v Giuliano,* 52 AD2d 240; *People v Vina,* 47 AD2d 895.) For that reason, it is said that there are "rare instances in which the right to appeal survives a plea of guilty". *(People v Andriani,* 67 AD2d 20, 25.) "In the absence of a constitutional claim which may in some instance survive a plea of guilty *(Menna v New York,* 423 US 61), the right to appeal following a guilty plea is governed by statute (see, for example, CPL 710.70, subd 2; CPL 450.30)." *(People v Siciliano,* 52 AD2d 408, 410.) In fact, generally, the right to appeal in criminal cases is strictly statutory *(People v Gilliam,* 65 AD2d 533), but especially so after guilty pleas, where the right is severely limited in order to insure the finality of the guilty plea, designed, as it is, to prevent regenerated litigation *(People v Siciliano, supra,* p 410), and to signal the end of the criminal action, and not the beginning of an appellate

process to undo the plea. (Cf. *People v Giuliano, supra,* p 247.)

Any issue raised by a pretrial motion under CPL article 710 is a nonjurisdictional issue, since it is strictly concerned with the admissibility of certain evidence at the criminal trial (CPL 710.20). Such issues, therefore, would generally be waived by a guilty plea and not subject to appellate review, but for CPL 710.70 (subd 2), to wit: "An order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction *notwithstanding the fact that such judgment is entered upon a plea of guilty.*" (Emphasis added.) The statute, therefore, grants a defendant who has pleaded guilty a limited right to appeal. He may obtain appellate review of a nonjurisdictional issue, i.e., the admissibility of certain evidence at the criminal trial, when, and only when, he has obtained an order *finally denying a motion to suppress evidence.* Otherwise, it would appear that the general rule would apply, viz., that any defense claim as to the admissibility of evidence (CPL 710.20) is waived by the plea of guilty. Therefore, since a defendant who has not obtained an order denying suppression does not come within the provisions of CPL 710.70 (subd 2), he must be found to have waived all article 710 issues by his plea of guilty and forfeited his right to have them reviewed on appeal. This seems to be not only a rule of law, but one of common sense, based on the legislative intent expressed by CPL 710.70 (subd 2).

Undoubtedly, and by express statutory language (CPL 710.70, subd 3), any defendant who chooses to abandon his defense and plead guilty waives his right to contest the admissibility of certain trial evidence if he never mounted such a challenge in an article 710 motion. Where, as here, defendant has made such a motion, but has short-circuited the process of disposing of that motion by pleading guilty prior to its determination, suppression issues should also be deemed waived. For in pleading guilty and terminating the criminal matter, except for sentencing, a defendant not only abandons his defense but all matters left undone. Thus, if he is fully apprised of the finality of his plea, it must be inferred that his voluntary choice to plead guilty

includes a decision to abandon all requests for intermediary orders not as yet granted. That is, he chooses to freeze the action with certain steps left incomplete, one being the suppression motion. Consequently, in terms of obtaining a final order denying suppression so as to obtain appellate review of a suppression issue, asking for and not awaiting an answer, is indistinguishable from not asking at all. Therefore, a criminal defendant who pleads guilty without first obtaining a final order denying suppression, does not so much waive a right to appeal on the issue of suppression as he foregoes obtaining the predicate upon which the right of appeal is based. For that reason, the guilty plea is affirmative action enough, and express waiver of the abandoned right to have a suppression issue decided is unnecessary. (Cf. *People v Williams,* 43 AD2d 884, affd 36 NY2d 829, *supra,* wherein express waiver of the right to appeal was necessary because the statutory right under CPL 710.70 [subd 2] had vested by reason of a final order denying suppression.)

This conclusion is supported by the very meaning and purpose of CPL 710.70 (subd 2). It is intended to permit a defendant to litigate a suppression motion and, once denied, to plead guilty, avoiding a needless trial at which the challenged evidence will be admitted. Then, notwithstanding the plea, defendant may appeal and seek to have the denial of suppression overturned and, if successful, obtain a vacatur of the plea. (See *People v Williams,* 43 AD2d 884, *supra;* see, also, *People v Grant,* 45 NY2d 366; *People v Ramos,* 40 NY2d 610.) Vacatur is the remedy since the essential argument on such an appeal will be: a guilty plea was entered, in fact, induced, by reason of the erroneous decision at nisi prius; with suppression granted on appeal, a return to prepleading status is mandated so that a reevaluation of the defense may take place in light of the absence from the case of the challenged evidence. In fact, it has been held that unless the plea ensues from the denial of a suppression motion, any issue regarding suppression is not reviewable on appeal, thus indicating the intent of CPL 710.70 (subd 2) to protect criminal defendants from enter-

ing guilty pleas based on erroneously decided suppression motions, or, in effect, to prevent convictions, even by plea, that result from a violation of constitutional rights. (See *People v Rivera,* 57 AD2d 811.)

In the case at bar, defendant's plea did not result from an adverse suppression decision, because there was none. Thus, he cannot invoke the protection of CPL 710.70 (subd 2) because of any error in such a decision, nor claim that he possessed any right thereunder requiring an express waiver.

Wherefore, we conclude that the suppression issues which defendant would now put before this court are precluded from appellate review by reason of defendant's guilty plea, which was only entered after the County Court had fully apprised defendant, a person familiar with the criminal justice system, of the finality of the plea and of its terminating effect on all proceedings related to this matter, except for sentencing.*

We have examined defendant's other contentions on appeal and have found them to be without merit.

Accordingly, the judgment of conviction should be affirmed.

DAMIANI, J. P., LAZER and GIBBONS, JJ., concur.

---

* We note that our conclusion is not altered by the fact that defendant's suppression claim, as raised on appeal, is based on an alleged violation of his right to counsel. It is true that deprivation of counsel issues need not be preserved and may be raised for the first time on appeal. (See *People v Carmine A.,* 53 NY2d 816; *People v Samuels,* 49 NY2d 218; *People v Ermo,* 47 NY2d 863; *People v Dean,* 47 NY2d 967.) This exception to the appellate rule of preservation, however, only applies if a defendant has otherwise challenged the objectionable evidence by the exclusive statutory remedy of a pretrial motion under CPL article 710 (see *People v Charleston,* 54 NY2d 622, 623 [GABRIELLI, J., concurring]), or, by force of logic, once he has raised such a challenge by pretrial motion, the exception will only apply if defendant has not abandoned that challenge before obtaining an adverse decision denying his suppression motion. (But, cf., *People v Arthur,* 22 NY2d 325, 329, a case predating the enactment of CPL article 710 [L 1970, ch 996, § 1], wherein the deprivation of counsel issue regarding certain oral statements by defendant was raised for the first time on appeal and reviewed, even though defense counsel never raised *any* objection to police testimony *at trial* concerning those statements.) In this case defendant, having abandoned his CPL article 710 motion prior to its final determination, has abandoned his challenge to the admissibility of all CPL 710.20 evidence. Thus, he has waived all objections that may have supported such a challenge, including any objection based on an alleged violation of his right to counsel.

Judgment of the County Court, Dutchess County, rendered May 30, 1975, affirmed.