■ GROUND WATER INDUSTRIES, INC., Appellant, v FAIRFIELD SALES COMPANY, INC., Respondent. — Appeal unanimously dismissed, without costs, upon stipulation. (Appeal from order and judgment of Supreme Court, Onondaga County, Balio, J. — arbitration.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL ATKINS, Appellant. — Judgment unanimously affirmed. Counsel's application to withdraw granted (see *People v Crawford,* 71 AD2d 38). (Appeal from judgment of Monroe County Court, Maas, J. — criminal sale controlled substance, third degree.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY RUCKER, Appellant. — Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Defendant appeals from a conviction of robbery in the second degree and larceny in the third degree after a jury trial in which he and a codefendant were jointly represented. The codefendant's conviction was previously reversed because no inquiry was made of him as to whether he was aware of the risk inherent in joint representation *(People v Ellis,* 80 AD2d 750). The District Attorney has candidly conceded that defendant is entitled to the same relief. (Appeal from judgment of Supreme Court, Monroe County, Boomer, J. — robbery, second degree.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CHRISTY, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant waived his right to a determination of the *Huntley* hearing by his guilty plea; therefore, no issue regarding the admissibility of the confession was preserved for review *(People v Esajerre,* 35 NY2d 463; *People v Corti,* 88 AD2d 345; *People v Williams,* 73 AD2d 1019). (Appeal from judgment of Niagara County Court, Hannigan, J. — manslaughter, first degree.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ANTHONY KING, Defendant. — Motion to change venue of trial of indictment from Onondaga County denied. Memorandum: We conclude that the defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Onondaga County (CPL 230.20, subd 2). If it develops during the *voir dire* that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. (See *People v DiPiazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982, app dsmd 35 NY2d 844.) Present — Hancock, Jr., J. P., Doerr, Boomer and Schnepp, JJ.