■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER SAXBURY, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered October 9, 1981, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the first degree. Pursuant to a negotiated plea bargain, defendant, admittedly a predicate felon, pleaded guilty to the crime for which he was indicted upon the

consideration that he would receive the reduced sentence of two to four years' imprisonment. On this appeal, defendant challenges the constitutionality of section 70.06 of the Penal Law arguing that its mandatory sentence requirement denies equal protection under both the United States and New York State Constitutions, and further, deprives the judiciary of the exercise of discretion in the imposition of sentences. The arguments are without merit since the constitutionality of the second felony offender statute has long been upheld (*People v Parker,* 41 NY2d 21; *People v Pacheco,* 73 AD2d 370; *People v Brown,* 54 AD2d 585). Defendant's remaining argument attacks the legality of the warrantless search and seizure of his apartment, a claim raised in his motion for a suppression hearing. However, upon his scheduled appearance before the court on September 18, 1981 for the specific purpose of suppression, *Wade* and *Huntley* hearings, defendant's counsel stated in open court that because of plea negotiations, his client was prepared to plead guilty to the indictment. The court thereupon inquired if defendant understood that by pleading he would waive his right to any pretrial hearings and to a jury trial, to which defendant responded affirmatively. It is clear that a defendant may waive his right to pretrial hearings upon his plea of guilty so long as he clearly understands and specifically does so (*People v Esajerre,* 35 NY2d 463; *People v Williams,* 73 AD2d 1019, 1020). Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Weiss, and Levine, JJ., concur.