■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP L., Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered January 29, 1982, convicting him of criminal possession of a weapon in the third degree and violating section 1227 of the Vehicle and Traffic Law, upon a jury verdict, and imposing sentence. Judgment affirmed (see *People v Livigni,* 88 AD2d 386, affd on opn at App Div 58 NY2d 894; *People v David L.,* 56 NY2d 698, revg on dissenting mem at App Div 81 AD2d 893). Mollen, P. J., Mangano, Thompson and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RUSSELL, Appellant. — Judgment of the Supreme Court, Kings County (Vetrano, J.), rendered November 17, 1981, affirmed. (See *People v Corti,* 88 AD2d 345; *People v Thomas,* 74 AD2d 317, affd 53 NY2d 338.) Damiani, J. P., Gulotta, O'Connor and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMIE SAUNDERS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Stark, J.), rendered June 13, 1978, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. By order of this court, dated August 9, 1982, the matter was remitted to the Supreme Court, Suffolk County, to hear and report on whether defendant knowingly and voluntarily waived his objections to the presentation of an insanity defense and to the trial strategy adopted by his assigned counsel in further-ance of that defense, and the appeal was held in abeyance in the interim (*People v Saunders,* 89 AD2d 879). The Supreme Court, Suffolk County, has complied and filed its report. Judgment affirmed. No opinion. Mollen, P. J., Damiani, Thompson, O'Connor and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY WILLIAMS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered December 11, 1981, as amended December 22, 1981, convicting him of robbery in the first degree, assault in the second degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. Judgment, as amended, affirmed. In view of the overwhelming proof of guilt, we deem the claimed errors to have been harm-less. Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.