■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT TERRY, Also Known as ANTHONY PERRY, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appleman, J.), rendered April 2, 1987, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying his oral motion to suppress physical evidence, made at the end of the People's case. However, after discussion of possible issues of the defendant's standing to challenge the seizure of the evidence and abandonment, the court suggested that they "get back to the issue at the end of the trial". The defendant's trial counsel expressly agreed to the suggested procedure. Furthermore, counsel never again raised the suppression issue, and there was no ruling by the court. Under these circumstances, we find that the defendant abandoned any claim that the evidence was obtained illegally and thereby

waived the issue raised on this appeal *(see,* CPL 710.70 [3]; *People v Esajerre,* 35 NY2d 463, 466; *People v Wachtel,* 124 AD2d 613, 615, *lv denied* 69 NY2d 835; *People v Corti,* 88 AD2d 345, 347).

The trial court, acting as the finder of fact, properly relied on the statutory presumption concerning possession of a firearm in an automobile (Penal Law § 265.15 [3]; *see, People v Heizman,* 127 AD2d 609, *lv denied* 69 NY2d 950). The defendant's testimony that he was unaware of the presence of the gun which, according to the police officers, was found on the front seat of the car in which the defendant was traveling, presented an issue of credibility *(see, People v Sanchez,* 110 AD2d 665; *People v Velez,* 100 AD2d 603, 604). Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining claims, including his claim that his sentence should be reduced, and find them to be without merit. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.