■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARLAND COLEMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 2, 1986, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his girlfriend were passengers in a taxicab which was stopped by police because it was weaving in and out of its lane. One police officer testified at trial that, as he and his partner approached the cab, he observed the defendant holding a black object which the defendant put on the floor, that both passengers were immediately ordered out of the cab, and that his partner removed what proved to be a gun. According to the testimony of the partner, the gun was recovered from the floor of the passenger's side of the vehicle where the defendant's feet had been.

The defendant testified at trial that he had not possessed and never before had seen the gun before it concededly was retrieved from the cab. His girlfriend testified that she remained seated in the cab while it was searched and implied that the gun was retrieved from underneath the driver's seat. However, apart from the statutory presumption concerning possession of a firearm in an automobile *(see,* Penal Law

§ 265.15 [3]) upon which the trial court, acting as the finder of fact, was entitled to rely *(see, People v Terry,* 148 AD2d 478), the conflicting testimony presented issues of credibility *(People v Terry, supra).* We discern no basis for interfering with the fact finder's resolution of those issues *(see, People v Gaimari,* 176 NY 84, 94).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt *(see,* Penal Law § 265.15 [3]; *cf., People v Lemmons,* 40 NY2d 505, 510; *People v Lynch,* 116 AD2d 56, 60). Moreover, upon the exercise of our factual review power, we are satisfied that the determination of the defendant's guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.