Per Curiam.

As a condition to acceptance of his plea defendant was asked to waive his right of appeal from the denial of his suppression motion. In the circumstances of this case we give effect to that waiver.
Defendant was indicted on two counts of murder. Prior to trial he made a motion to suppress certain admissions he had made to the police. On the eve of trial, sometime after his suppression motion had been denied, defendant indicated his readiness to plead guilty to two counts of manslaughter in *830 satisfaction of the two murder counts. In response the prosecutor stated that the People would consent to the acceptance of such pleas on condition that defendant waive his right to appeal on the suppression issue. In justification for imposing this condition the prosecutor informed the court that he had witnesses who were ready to testify and that special arrangements had been made at some expense, for the viewing of the videotape of defendant’s interview with the police. "We feel that if the defendant were allowed to take the pleas without giving up the right to appeal, the People would be prejudiced in that if for some reason the Court’s decision were overturned, it would be possibly a year before that happened, and our witnesses could be unavailable at that time, so that at this point we would consent to these pleas if defendant gives up his right to appeal the proceedings which have happened in this case before today.”
Defendant was represented by two counsel, separately assigned for the two homicides. He readily admitted that he had discussed the situation and his pleas thoroughly with members of his family and others, as well as with both his counsel. The interrogation by the court of both defendant and his counsel with respect to plea and waiver was exemplary. The confession of factual guilt by defendant was unequivocal.
On this record there can be no doubt that defendant’s plea and the associated waiver were each made knowingly and voluntarily. His position on this appeal is based rather on the argument that as a matter of law under CPL 710.70 (subd 2) there can be no waiver of a defendant’s right to appeal from a preconviction denial of a motion for suppression, although reference is also made in conclusory fashion to what might be termed situational coercion.
In these circumstances, where the plea on condition was voluntarily entered, with full comprehension on defendant’s part of both the plea and the associated condition, we conclude that this defendant may properly be held to the waiver of his right to appeal from the denial of his suppression motion. (People v Esajerre, 35 NY2d 463; cf. CPL 710.70 [subd 3] which provides that a defendant who does not make an article 710 suppression motion "waives his right to judicial determination” with respect thereto.)
In view of our disposition of this appeal on that ground we do not reach the contentions advanced on defendant’s behalf that his admissions to the police should have been suppressed.
*831 The orders of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Orders affirmed.