## (April 14, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. ROACH, Appellant.—Adjudication affirmed. Memorandum: The record does not support a finding that there was a voluntary and knowing waiver by defendant of his right to appeal (cf. *People v Williams,* 43 AD2d 884, affd 36 NY2d 829, cert den 423 US 873). While upon taking a plea of guilty to assault second degree in satisfaction of a two-count indictment charging sodomy first degree, and assault, second degree, the court fully explored the nature and consequences of defendant's plea; the court made no reference to the waiver of his right to appeal. Nowhere in the record does it appear that the 18-year-old defendant acknowledged his execution of the waiver, discussed the execution of a waiver with his attorney or family, had knowledge of his right to appellate review of the order denying his motion to suppress his alleged confession or had an understanding of the consequences of the waiver. The record, however, does support the finding following the suppression hearing that the police having him in custody made a bona fide attempt to honor defendant's request for the presence of a specific attorney who could not be reached and that when that fact was communicated to him, he demurred to the offer of other counsel and elected to waive the presence of an attorney before giving a statement to the authorities. The court's finding of a knowing, intelligent and voluntary waiver of defendant's right to counsel and to remain silent was fully supported and his subsequent oral and written statements properly were ruled admissible and their suppression denied. All concur, except Hancock, Jr., J., who dissents and votes to reverse the adjudication and remit the matter, in the following memorandum: The motion to suppress should have been granted. The sentence should be reversed, the plea and the youthful offender adjudication vacated and the matter remitted to County Court for further proceedings on the indictment. I believe this case is controlled by *People v Buxton* (44 NY2d 33, 37), in which the Court of Appeals stated that "Once an attorney has been requested interrogation must cease" and held that any statement made thereafter is inadmissible unless "spontaneous" or made "voluntarily" *(People v Buxton, supra,* p 37; and see *Miranda v Arizona,* 384 US 436; *United States v Grant,* 549 F2d 942, cert den 432 US 908; *United States v Hodge,* 487 F2d 945; *People v Congilaro,* 60 AD2d 442, 449, 450). Here the record establishes that defendant's confession was the product of *interrogation* conducted shortly after he had requested an attorney in contravention of the rule in *People v Buxton (supra).* It cannot be claimed that the statement

was spontaneously offered. The People, in my opinion, clearly have not met the "heavy burden" of showing "that the defendant knowingly and intelligently waived his privilege against self incrimination and his right to retained or appointed counsel." *(People v Congilaro, supra,* p 450.) On the total record, in view of Lt. Tiefke's testimony on direct examination that he refused Roach's request that he "call another attorney" (contradicted on cross-examination), I do not believe the record supports the conclusion that when Roach was advised of the unavailability of attorney Shanley "he demurred to the offer of other counsel". (Appeal from adjudication of Oswego County Court—youthful offender.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.