■ COUNTY OF NIAGARA, Appellant, v EDWARD V. REGAN, as State Comptroller, et al., Respondents.—Order unanimously affirmed, without costs, on the opinion at Special Term, Kuszynski, J. (Appeal from order of Niagara Supreme Court—declaratory judgment.) Present—Simons, J. P., Schnepp, Callahan, Witmer and Moule, JJ. [97 Misc 2d 421.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT G. Cox, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was indicted for two counts of robbery in the third degree, grand larceny in the third degree, and grand larceny in the second degree. The charges arose out of two separate bank robberies, one on October 27, 1976 and the other on November 10, 1976. The counts in the indictment were severed and defendant proceeded to trial on the charge arising out of a bank robbery on November 10, 1976 at the end of which he was found guilty by a jury of robbery in the third degree. At the time of his sentence upon his conviction, the People moved to dismiss the remaining counts of the indictment in exchange for defendant's waiver of his right to appeal from the conviction rendered against him. Waiver is the voluntary and intentional relinquishment of a known right; knowledge and intent are essential elements. The record fails to disclose any inquiry by the court from which it could be determined that such waiver was a knowing waiver. The record does disclose that the waiver, if there was one, was against the advice of counsel. The defendant did appeal from the judgment of conviction and we affirm that judgment. The People, however, seek a reinstatement of the remaining counts of the indictment in view of the fact that the defendant has failed to meet his part of the bargain and did appeal from his judgment of conviction. The right to appeal is statutory (CPL 450.10), not constitutional. The right of appeal, however, is an important right and any waiver of it should be afforded similar formality which is occasioned upon the waiver of a constitutional right, such as taking a plea of guilty to a crime. At the very least the record should reflect an advised and knowing waiver entered into freely and voluntarily. Such is not present in this record and, accordingly, the People's request for reinstatement of the remaining counts of the indictment may not be granted. (Appeal from judgment of Onondaga County Court—robbery, third degree.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ.

■ RICHARD ALDERMAN et al., Respondents, v VILLAGE OF PENN YAN, Appellant.—Judgment unanimously affirmed, with costs, for the reasons stated in the memorandum decision at County Court, Dugan, J. (Appeal from judgment of Yates County Court—flood damage.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ.