(NOVEMBER 20, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT DIXON, Appellant. — Appeal from a judgment of the County Court of Broome County, rendered August 20, 1979, convicting defendant, upon his plea of guilty, of the crime of robbery in the third degree. Judgment affirmed (see *People v Williams,* 36 NY2d 829). Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.

■ In the Matter of STANLEY ZIONTS et al., Petitioners, v JAMES H. TULLY et al., Constituting the State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, made after a hearing, which sustained the assessment of a deficiency and denied petitioners' application for a redetermination and refund of personal income tax for the year 1973. The tax deficiency assessed against petitioners was calculated on the basis they were New York residents throughout 1973. The amount thereof was not disputed, but petitioners asserted that no additional tax was due because they had effected a change in their domicile to the State of Florida (see Tax Law, § 654, subd [a]; § 605, subd [a], par [1]). Their contention was rejected following a hearing, and the sole issue raised by this proceeding is whether substantial evidence supports respondent's determination that petitioners failed to prove the establishment of a new domicile during the tax year in question. Since we conclude that the record does contain such evidence, the determination should be confirmed and the petition dismissed. Petitioners were New York domiciliaries prior to 1973. In June of that year petitioner Stanley Zionts, having obtained a leave of absence from his position as a professor with the State University of New York at Buffalo, moved his family to the State of Florida where an apartment was rented for their use. Although petitioners filed declarations of domicile, obtained drivers' licenses, executed wills and had some unspecified business interests in Florida, the family only remained there for three weeks before leaving for Belgium where, by prearrangement, Mr. Zionts had accepted another teaching post. Petitioners ultimately returned to New York in 1975, after a brief stopover in Florida, and Mr. Zionts resumed his former duties at the university upon the expiration of his leave of absence. While it is true, as petitioners argue, that they might change their domicile for any reason whatever and that their declarations of intent to do so are entitled to consideration, it must also be recognized that "the most formal declaration of intention for the purpose of creating evidence of an apparent change, with no intention of making an actual change * * * would * * * [be] * * * of no effect" *(Matter of Newcomb,* 192 NY 238, 252). Here, petitioners apparently severed their connections with New York, except for the storage of some professional items at the university, yet their physical residence in Florida was of extremely brief duration. Their deeds and words were plainly not so unambiguous that respondent was obliged to conclude they had an intent to make Florida a fixed and permanent home. Notably, there was no indication that any provisions were made for a definite return to that jurisdiction, whereas they had preserved some options with respect to New York. The burden of proof was on petitioners and since "the intention must be honest, the action genuine and the evidence to establish both, clear and convincing" *(Matter of Newcomb, supra,* p 251), we cannot say that respondent lacked a rational basis for finding against them (see *Matter of Shapiro v State Tax Comm.,* 50 NY2d 822, revg 67 AD2d 191; *Matter of Colton v New York State Tax Comm.,* 71 AD2d 781). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.