OPINION OF THE COURT
Ascher Katz, J.
Defendant moves for the return of his fingerprints and photographs, and for the sealing of his file pursuant to CPL 160.50.
On April 10, 1979, on motion of the defendant and with the consent of the People, defendant was granted adjournment in contemplation of dismissal (ACD) by this court. Prior to the People’s consent, defendant executed a written form waiver of the provisions of CPL 160.50 regarding the return of fingerprints, photographs and sealing the file, with the advice and in the presence of counsel.[2] On October 9, 1979, the charges against the defendant were dismissed pursuant to CPL 170.55 by operation of law. On June 25, 1980, defendant made the instant application which was adjourned from time to time at the request of both parties and finally was submitted for court decision on February 3, 1981.
Notwithstanding his express written waiver, defendant claims that CPL 160.50 mandates the return of fingerprints and . the sealing of records and further, that the waiver took place under circumstances as to vitiate the *1008 effect of the waiver. The District Attorney opposes the application on the grounds that the waiver was knowingly, voluntarily and intelligently made during plea bargaining negotiations.
The District Attorney is correct in his position that the Supreme Court of the United States allows the waiver of such rights as the right to trial by jury (McCarthy v United States, 394 US 459), to confront an accuser and to exercise . the privilege against self incrimination (see Boykin v Alabama, 395 US 238, 243), that plea bargaining flows from the mutality of advantage to defendant and prosecutor each with his own reason for wanting to avoid trial (Brady v United States, 397 US 742) and if a constitutional right may be waived, a statutory right may likewise be waived (People v Williams, 36 NY2d 829).
Plea bargaining in New York has been approved in People v Selikoff (35 NY2d 227, 233) for its effect in reducing overcrowded dockets in budget-starved criminal courts, in removal of both parties from the risks and uncertainties of trial, in commencing the rehabilitation of the offender, in serving law enforcement by exchanging leniency for information and assistance, and in allowing individual sentencing by avoiding mandatory harsh sentences.
However, this court finds that relieving the defendant from his express written waiver of CPL 160.50 rights is in no way inconsistent with the above-established authorities dealing with plea bargaining. The Court of Appeals stated in People v Selikoff (35 NY2d 227,' 238, supra): “Application to plea negotiations of contract law is incongruous. The strong public policy of rehabilitating offenders *** presents considerations paramount to benefits beyond the power of individuals to ‘contract’.”
We are not here concerned with contract rights of the parties. By contrast, under section 15-303 of the General Obligations Law, there can be a written release of contract rights even without consideration.
The plea of guilty to any offense except a violation or traffic infraction requires a voir dire in the presence of counsel in open court during which the defendant is asked *1009 in a nonroutine way certain searching questions as to admissions of fact which form the basis of the crime pleaded to, the knowing waiver of certain constitutional and statutory rights (including the right to trial by jury or the right to trial by the court), that the plea of guilty is the equivalent of a conviction after trial and whether any promises were made by the court as to sentence.
The fact admissions and waivers of defendant’s rights are implicit in the plea of guilty and are an integral part of such a plea. The voir dire seeks to insure that what is implicit and clear to the lawyers is made as explicit and clear as possible to the defendant. Prosecutors have refused to accept a guilty plea during voir dire where the defendant does not admit the underlying facts or shows a básic lack of understanding of the waivers that are involved. If any of the admissions or waivers during the voir dire were set aside, conviction and sentence would have to fall. The system of negotiated settlements would be destroyed if plea bargained waivers could be set aside without legal cause. A plea waiving constitutional and statutory rights knowingly, voluntarily and intelligently made, cannot be set aside.
But the vacating of the waiver of the return of fingerprints, photographs, and the sealing of the file under CPL 160.50 does not affect the resolution of the criminal disposition. The defendant still has his ACD, the District Attorney, the court and the community still have kept the defendant away from trouble until the date of dismissal by the threat of restoration to the calendar, the calendar is less cluttered, and overall, justice has been served by the plea negotiations.
But justice is thwarted by the retention of the prints, photographs and nonsealing, because this is a clear violation of CPL 160.50 for all the considerations set forth by this court in its previous opinion, People v Joseph P. (106 Misc 2d 1075). The focus should not be on “whether a conviction was free from error but rather on whether the prisoner can be restored to a useful place in the community.” (Blackledge v Allison, 431 US 63, 83 [concurring opn of Powell, J.].) The purpose of CPL 160.50 is to give the defendant a clean slate and to avoid the stigma of a *1010 record. (Matter of Hynes v Karassik, 47 NY2d 659, 662, 663; see CPL 160.60; Executive Law, § 296, subd 14.)
The apparent rationale for the Westchester County District Attorney’s insistence on the waiver of CPL 160.50 rights is to track recidivist arrestees and to determine eligibility for future ACD’s. This is a commendable objective. But the Legislature has created its own statutory scheme which should be followed. The District Attorney must use other means to accomplish this purpose.
During this court’s first session following its decision in People v Joseph P. (supra), approximately seven driving while intoxicated (misdemeanor) cases under subdivision 3 of section 1192 of the Vehicle and Traffic Law were submitted to the court for disposition by plea-downs to driving while ability to drive was impaired (infractions) under subdivision 1 of section 1192 of the Vehicle and Traffic Law. The District Attorney had requested and received from each defendant written waivers of CPL 160.55 rights similar to the written waivers of CPL 160.50 rights heretofore mentioned. On the court’s own motion under CPL 170.40, the court dismissed all such cases in the interests of justice based on the court’s finding in People v Joseph P. (supra) and the court directed Clayton hearings in all seven cases.
It was then disclosed to the court that the District Attorney had installed a computer for its future internal use to keep track of defendants with sealed files. The District Attorney sought to have waivers of CPL 160.50 and CPL 160.55 rights continued only until December 31, 1981. This court determined that the interests of justice would be served by such disposition and the pleas were accepted with such limited waivers.
The presumption of innocence has a priority which stems from our heritage. It is part of the American idea. The presumption of innocence cannot be bartered away for administrative convenience in the light of the statutory scheme enacted for its recognition and protection. (CPL 160.50, 160.55, 160.60; Executive Law, § 296, subd 14.)
*1011 This court respectfully differs with People v Wei Chen (104 Misc 1057), cited by the People.
This court is not unmindful that it participated in the initial disposition on April 10, 1979 waiving defendant’s CPL 160.50 rights. The court’s participation in the initial error should not impel perpetuation of that error.[3]
For the foregoing reasons, it is not necessary to consider the particular circumstances surrounding the plea negotiations herein. The waiver of CPL 160.50 rights is set aside. Motion granted.
Return and seal order pursuant to CPL 160.50 is to b,e prepared by the clerk and signed by this-court on December 31, 1981.

. The print waiver is the same as set forth in People v Joseph P. (106 Misc 2d 1075).

- In the words of Ralph Waldo Emerson “A foolish consistency is the hobgoblin of little minds, adored by little statesmen, philosophers and divines.” Judge Hugh R. Jones stated, “There is no gain or loss in reputation or status to me or to the others within our Court [of Appeals] either from persistent holding to the same position or from changing views during the course of preparation, argument and deliberation on an appeal. Flip-flopping in response to whim or casuistry would, of course, be revealing, but change based on additional insight, reason, further consideration, care and ripened judgment, is always acceptable, even praiseworthy.” (Jones, Cogitations on Appellate Decision-Making, 34 Record of Assn of Bar of City of NY [Nov., 1979], 544-545.)