■ The People of the State of New York, Respondent, v Wallace Lawrence Andrus, Appellant. — Appeal from a judgment of the County Court of St. Lawrence County, rendered May 20, 1980, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree. Defendant was indicted on two separate indictments; the first charging him with sodomy in the first degree in violation of section 130.50 of the Penal Law, a class B felony, and sodomy in the third degree in violation of section 130.40 of the Penal Law, a class E felony, and the second charging him again with sodomy in the first degree and sexual abuse in the third degree in violation of section 130.55 of the Penal Law, a class B misdemeanor. A hearing on defendant's motions to suppress evidence was held and these were denied. The motions included challenges to the propriety of the identification of defendant, the voluntariness of statements made by him and alleged denial of his right to counsel. Thereafter, as a result of plea negotiations, defendant entered a plea of guilty under each indictment to two counts of sexual abuse in the first degree, in violation of section 130.65 of the Penal Law, a class D felony. As part of the plea, the People recommended to the court that any sentence imposed run concurrently and the court acquiesced in such condition. The recommendation of the plea by the People was also conditioned on defendant's waiver of his right to appeal from proceedings regarding the indictments. The court accepted the plea and defendant was sentenced to two indeterminate terms not to exceed a maximum of six years with a minimum of two years. The terms were to run concurrently. On appeal, defendant challenges the adequacy of the waiver of his right to

appeal and seeks review of the denial of his motions to suppress. His challenge lacks merit. The record clearly supports the conclusion that defendant entered his pleas of guilty and waived his right to appeal the denial of the motions to suppress voluntarily, with full knowledge of the consequences and on advice of counsel. An affirmance is, therefore, required *(People v Francis,* 38 NY2d 150; *People v Williams,* 36 NY2d 829, cert den 423 US 873; *People v Gray,* 75 AD2d 826; *People v Juliano,* 74 AD2d 881). We note that the trial court instructed defendant that even though he waived his right to appeal as part of the plea bargain, it was still possible for him to attack the plea bargain and the sentence by an appeal filed within 30 days. Judgment affirmed. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.