■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL SANTANA, Appellant. — Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered February 10, 1981, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree. While defendant and 35 to 40 other inmates at the Coxsackie Correctional Facility were being escorted back to their cells, a scuffle ensued during which a prisoner received a 15-inch laceration in his back. Other inmates identified defendant as the one who inflicted the injury and thereafter defendant was charged with assault in the second degree, a class D felony. As a result of plea negotiations, he was permitted to plead guilty to the lesser charge of attempted assault in the second degree, a class E felony, and the minimum sentence allowable, a term of one and one-half to three years' imprisonment, was imposed. The plea was conditioned on defendant's waiver of his right to appeal the denial of his motion to suppress as evidence a razor blade found on defendant immediately following the altercation. During all court proceedings, defendant was aided by a sworn interpreter. Defendant now contends that his guilty plea was improperly accepted. Through the interpreter, the court repeatedly admonished defendant, who was not inexperienced in the ways of the criminal justice system, that his guilty plea included a waiver of his right to appeal the court's freshly announced suppression hearing ruling. A waiver of that right is a proper element of a plea bargain (*People v Andrus,* 81 AD2d

676; see *People v Williams,* 36 NY2d 829, cert den 423 US 873). Moreover, the record discloses that the trial court was most solicitous of defendant's rights; it took every precaution to ensure that the plea was knowingly and voluntarily entered. Inasmuch as there was nothing untoward about defendant's waiver, his substantive arguments respecting why the court's suppression ruling was erroneous are irrelevant. Nor is there merit to defendant's claim of double jeopardy. In *Matter of Escobar v Roberts* (29 NY2d 594, cert den 404 US 1047), the proposition that a double jeopardy claim can arise out of administrative punishment was repudiated. For a double jeopardy claim to have force, there must be a showing that defendant was previously prosecuted for the same offense (CPL 40.20). A criminal prosecution occurs when one is charged by an accusatory instrument filed in a court (CPL 40.30, subd 1). Accordingly, the institutional administrative hearing defendant was subjected to before he was indicted simply lacks the attributes of such a prior prosecution (*People ex rel. Maggio v Casscles,* 28 NY2d 415, 418; *People v John,* 76 Misc 2d 582, 588). Judgment affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.