■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP A. DI ORIO, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered October 7, 1981, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree. Evidence obtained as a result of electronic surveillance of telephone calls made pursuant to an eavesdropping warrant and a search of defendant's home furnished the basis for indicting defendant on 14 counts relating to a conspiracy to distribute cocaine in Broome County. The circumstances surrounding execution of that warrant are set out in *People v Konyack*

594

(99 AD2d 588). Defendant's trial was scheduled to commence in the forepart of October. However, on September 23, 1981, he entered a plea of guilty to criminal possession of a controlled substance in the second degree; the plea was in satisfaction of all 14 counts, one of which was a class A-I felony. One of the conditions of this bargained for plea was defendant's agreement to waive his right to appeal the result of the suppression hearing. Defendant now challenges the validity of the waiver and seeks to have us review the denial of his motion to suppress. A waiver of the statutory right to appeal the denial of a suppression motion, provided it is knowingly and voluntarily made, is an acceptable condition of a plea bargain (*People v Williams,* 36 NY2d 829, cert den 423 US 873; *People v Esajerre,* 35 NY2d 463; *People v Andrus,* 81 AD2d 676). That defendant knowingly and voluntarily pleaded guilty and waived this right is apparent from the record. When defendant's plea was taken, the prosecutor clearly set forth the conditions of the plea, one of which was defendant's agreement to waive his right to appeal "concerning all of the pretrial motions and earlier suppression hearings had in this particular case". The court then reiterated this condition, explained its meaning to defendant and sought and obtained his assurance that he understood. Moreover, the record disclosed that defense counsel, whose effectiveness as defendant's advocate is not questioned, observed at the proceeding that the plea was based on extensive conferences had in chambers. Inasmuch as defendant effectively waived his right to appeal the denial of the suppression motion, his contentions respecting improprieties in the manner in which the eavesdropping warrant was executed need not be reached. Nor do we find merit in the suggestion that imprisonment for eight years to life was an excessive sentence. This was precisely the period of confinement bargained for and agreed upon when defendant's plea was taken and that sentence was made available to him only because the People consented to a reduction from a class A-I felony, which for defendant carried the possibility of a minimum sentence of 15 years to life, to a class A-II felony. Finally, we note, as did the sentencing court, that cocaine use has a serious adverse effect on our society, that its distribution is a grave offense, that defendant, whose criminal record is not unblemished, played a significant role in a major conspiracy to sell cocaine and that he consciously and knowingly did so for profit. Judgment affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Weiss, JJ., concur.