THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ERNEST JANDREW, Appellant.

Third Department, May 3, 1984

APPEARANCES OF COUNSEL

*Peter B. Lekki* for appellant.

*Charles H. Gardner, District Attorney (Robert J. Ayling* of counsel), for respondent.

OPINION OF THE COURT

MAIN, J.

Defendant pleaded guilty to a reduced charge of attempted criminal possession of a controlled substance in the fifth degree in full satisfaction of his indictment and admitted that he had violated his parole. As part of his plea agreement, defendant agreed to waive his right to appeal. Defendant now claims, among other contentions, that his general waiver of the right to appeal did not encompass his right to appeal from the denial of his suppression motion (CPL 710.70, subd 2) and, therefore, we should consider the merits of his suppression motion and other claims. We disagree and conclude that defendant's general waiver of his right to appeal as part of his negotiated plea agreement was knowing, voluntary and intelligent and, therefore,

included a waiver of his right to appeal from the denial of his suppression motion.

As part of a plea agreement, a defendant may specifically waive his right to appeal from the denial of a suppression motion (see, e.g., *People v Williams,* 36 NY2d 829, cert den 423 US 873; *People v Di Orio,* 99 AD2d 593; *People v Santana,* 99 AD2d 586). In this case, defendant was not specifically apprised by County Court that in waiving his right to appeal, he was waiving appellate review of the denial of his suppression motion. Nonetheless, we can articulate no logical reason why defendant's general waiver of the right to appeal, it appearing from the surrounding circumstances that defendant comprehended the import of his waiver, should not include a waiver of the right to appeal from the denial of his suppression motion. In waiving the right to appeal, defendant must have been giving up something, otherwise the waiver would be meaningless. The right to appeal following a guilty plea is limited and, except for certain constitutional rights which may survive the plea, is governed by statute (see *People v Siciliano,* 52 AD2d 408, 410, affd 40 NY2d 996, app dsmd 430 US 980). For example, a defendant may, following a guilty plea, appeal from the sentence (see CPL 450.30; *People v Burke,* 41 AD2d 874, 875) or from the denial of a suppression motion (see CPL 710.70, subd 2). Thus, for the waiver of the right to appeal to be meaningful, it is logical that a defendant who knowingly, voluntarily and intelligently waives the right to appeal following a guilty plea gives up at least those statutory rights[1] to appellate review which survive the guilty plea, as enumerated above. Accordingly, we conclude that a defendant's knowing, voluntary and intelligent general waiver of the right to appeal following a plea of guilty includes a waiver of the right to appeal from the denial of a suppression motion.

In reaching this conclusion, we are further persuaded by the fact that a defendant who pleads guilty waives certain constitutional rights, even though those constitutional rights waived need not have been specifically enumerated by the court during the plea hearing, so long as it appears

---

1. We need not consider at this time the effect of a general waiver of the right to appeal on those constitutional rights which may survive a guilty plea.

from the surrounding circumstances that the defendant is acting knowingly, voluntarily and intelligently (see, e.g., *People v Harris,* 61 NY2d 9, 16-19; *People v Brush,* 99 AD2d 564). If those constitutional rights which are waived by a guilty plea need not be specifically enumerated during the plea hearing, then, by analogy, we do not deem it necessary for statutory rights to appellate review to be specifically enumerated at the time of the waiver of the right to appeal, so long as it appears from the relevant surrounding circumstances that such waiver is knowing, voluntary and intelligent (see *People v Cox,* 71 AD2d 798).

Our review of the record in this case leads us to conclude that our defendant's waiver was knowing, voluntary and intelligent. Although it became clear during the plea colloquy between defendant and County Court that defendant's counsel had not discussed the waiver of the right to appeal with defendant, the record indicates that, thereafter, there were at least three occasions when defendant, who had previous contact with the criminal justice system, discussed the waiver of the right to appeal: first, during the plea hearing after it became apparent that defense counsel had not raised this matter with defendant and counsel then did so; second, after the guilty plea was taken when defendant signed a written waiver of the right to appeal, which is also signed by defense counsel, who was instructed by the court to discuss the waiver with defendant; and third, during sentencing when County Court again brought the waiver of the right to appeal to defendant's attention. Furthermore, it is significant that defendant's attorney undertook substantial pretrial procedures and, in fact, was able to have one count of the indictment against defendant dismissed. Such representation indicates that defendant was provided effective assistance of counsel and, in conjunction with the occasions when defendant discussed his waiver of the right to appeal with his counsel, that defendant's waiver was with the advice of competent counsel and knowing, voluntary and intelligent (see *People v Francis,* 38 NY2d 150, 154). Accordingly, in waiving his right to appeal, defendant waived his right to appeal from the denial of his suppression motion.

Our decision herein is entirely consistent with our prior decision in *People v Williams* (73 AD2d 1019). In *Williams,*

we held that a guilty plea was insufficient to waive appellate review of a suppression motion which was pending and undecided at the time of the guilty plea absent specific language indicating the defendant's intent to waive his right to a determination of the suppression motion (*supra*, at p 1020). In this case, we have more than a guilty plea without an indication of defendant's intentions. Indeed, we have a guilty plea *and* an explicit waiver of the right to appeal which, as discussed above, must include, in order to be meaningful, the waiver of those few statutory rights which usually survive a guilty plea. Thus, in this case there is a specific indication, by way of the explicit waiver of the right to appeal, of defendant's intentions, which was lacking in *Williams*.[2]

Inasmuch as there has been a change of administration in the St. Lawrence County District Attorney's office since January, 1984, we deem it unnecessary to address defendant's contention that the District Attorney's practice of conditioning plea agreements on the waiver by a defendant of his right to appeal is unconscionable. We do note that although the propriety of a District Attorney conditioning a plea agreement on a defendant's waiver of his right to appeal may not be free from controversy (see, e.g., Validity and Effect of Criminal Defendant's Express Waiver of Right to Appeal as Part of Negotiated Plea Agreement, Ann., 89 ALR3d 864), there are sufficient safeguards to such practice to ensure that abuses are avoided. For example, a court can reject a plea agreement which includes a waiver of the right to appeal if the waiver appears to be other than knowing, voluntary and intelligent (see *People v Selikoff*, 35 NY2d 227, 235, cert den 419 US 1122), or a defendant can seek a postjudgment hearing on whether his waiver, and corresponding plea, was the result of duress, misrepresentation or fraud by the court or prosecutor (see CPL 440.10, subd 1, par [b]; 440.30) or a writ of habeas corpus for the same reasons (see Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL

---

2. We note that the Second Department, which originally embraced the principle we enunciated in *People v Williams* (73 AD2d 1019) (see *People v Scott*, 83 AD2d 567), has since repudiated this position (see *People v Corti*, 88 AD2d 345, 347-348). We adhere to our holding in *Williams* (see, e.g., *People v Santana*, 99 AD2d 586; *People v Di Orio*, 99 AD2d 593; *People v Saxbury*, 95 AD2d 871, 872).

440.10, p 320). Our disposition renders it unnecessary to consider defendant's other claims.

The judgment should be affirmed.

YESAWICH, JR., J. (dissenting). Were it not for the special status which the Legislature has accorded suppression motions, the neatness of deductive reasoning alone would require yielding to the logic that a general waiver of the right to appeal includes within it a waiver of a defendant's right to appeal the denial of his motion to suppress. In New York, however, this right to appeal the denial of a motion to suppress notwithstanding a plea of guilty has been singled out by the Legislature for uncommon treatment. The policy considerations underlying enactment of CPL 710.70 (subd 2) were a desire (1) to relieve calendar congestion by permitting avoidance of a superfluous trial, yet have review of the order denying suppression, and (2) to enable a defendant to gain the benefit of a plea without forfeiting the right to appeal the denial of suppression (*People v Williams,* 43 AD2d 884, 886, affd 36 NY2d 829, cert den 423 US 873).

The unmistakable importance which the Legislature attaches to this particular right to appeal strongly suggests that for a waiver to be effective, an explicit acknowledgment by the defendant that this particular right is being relinquished is essential. This is the very sentiment voiced in *People v Williams* (73 AD2d 1019), where this court declared that for a waiver to occur there must be "specific language indicating this to be the defendant's intent" (*supra,* at p 1020). In my judgment, a surrender of this invaluable right should be attended by the same degree of formality occasioned upon the renunciation of a constitutional right (*People v Cox,* 71 AD2d 798). Not only is it to be expressed in some comprehensible fashion, but there must also be, as the courts have repeatedly recognized, a clear showing that the defendant was fully apprised of the consequences of his action (*People v Williams,* 36 NY2d 829, cert den 423 US 873, *supra; People v Di Orio,* 99 AD2d 593; *People v Andrus,* 81 AD2d 676; *People v Roach,* 62 AD2d 1157, revd on other grounds 47 NY2d 777). And if a change in this principle is to be had, the change should not be retroactive as the majority would have it, but prospective in application.

Examination of the record discloses that although defendant's guilty plea was properly accepted, there is nothing to indicate that defendant knowingly and intelligently intended to relinquish or abandon his right to appeal the denial of his suppression motion. At no time during those instances when the trial court alluded to defendant's waiver of his right to appeal (in all but one instance, these occurred in the context of sentencing), did defendant register any awareness that he was foregoing the right to have the denial of his suppression motion reviewed. Nor is there any mention in the record that this general waiver encompassed the suppression motion.

A statement signed by defendant at his plea hearing purporting to clarify what rights he was renouncing recites the following: "I hereby acknowledge that I have voluntarily waived my right to appeal from the judgment to be entered against me in exchange for the plea I was permitted to make in this case, and I hereby instruct my attorney THAT HE SHALL NOT FILE A NOTICE OF APPEAL in this case." The technical nicety of what is included within the term "judgment" (see CPL 1.20, subds 13, 15; *People v Di Raffaele,* 55 NY2d 234, 240) need not be pursued, for there is absolutely no evidence that defendant knew that his statutory right to appellate review of his suppression motion survived his guilty plea and that by executing this document he was giving up that right. His knowledge of the consequences flowing from the execution of this general waiver are too insufficiently explored in this record to justify even presuming a knowing and intelligent forsaking of that right.

Finally, it is not without some significance that apart from pointing to the fact that a plea bargain was struck, the People offer absolutely no reason why defendant's plea should have been conditioned on his refraining from insisting on his statutory right to challenge the denial of his suppression motion (see *People v Williams,* 36 NY2d 829, *supra; People v Coscia,* 56 AD2d 851). The untoward effect of this condition was to allow the prosecution to abrogate an avenue of appellate review which was specifically established for this purpose by the Legislature.

Since I believe that a hearing on the merits of defendant's motion to suppress should have been granted, I would reverse and remit the matter to the St. Lawrence County Court for that purpose and for such other proceedings not inconsistent herewith.

MAHONEY, P. J., MIKOLL and HARVEY, JJ., concur with MAIN, J.; YESAWICH, JR., J., dissents and votes to reverse in a separate opinion.

Judgment affirmed.