■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY FEINGOLD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered October 8, 1985, convicting him of criminal sale of a controlled substance in the second degree and conspiracy in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress certain tape recordings made pursuant to telephone wiretaps.

Ordered that the judgment is affirmed.

The indictment of the 24 defendants in this case resulted from an investigation of a narcotics operation. The defendant Harry Feingold was indicted on four counts, including conspiracy and the sale and possession of cocaine. That branch of his omnibus motion which was to suppress tape recordings obtained as a result of court-ordered wiretaps was denied, and he subsequently pleaded guilty to the instant charges. Prior to accepting the defendant's plea, the court inquired as to whether he was withdrawing all motions "already ruled upon by the Court or now before this Court with respect to this proceeding". The defendant, represented by counsel, withdrew all motions "heretofore made".

On appeal, the defendant raises various issues concerning the denial of his motion to suppress. We decline to reach those issues as we find that the defendant knowingly and voluntarily waived his right to review of the denial of his omnibus motion by withdrawing all motions prior to acceptance of his plea *(see, People v Williams,* 36 NY2d 829, *cert denied* 423 US 873; *People v Colarusso,* 103 AD2d 848; *People v Jandrew,* 101 AD2d 90).

The imposition of consecutive sentences was permissible here because the offense of criminal sale of a controlled substance in the second degree is not a material element of the offense of conspiracy *(see, People v Catone,* 65 NY2d 1003). Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.