(May 28, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK POLLAK, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered April 22, 1985, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant challenges his conviction on several grounds. He contends that double jeopardy and/or collateral estoppel considerations foreclose his prosecution for the instant crime; that County Court erred in its *Sandoval* ruling; that adverse publicity deprived him of a fair trial; that County Court's instructions to the jury were inadequate and prejudicial to him; and that defendant was improperly sentenced as a second felony offender.

The present appeal stems from defendant's indictment (hereinafter indictment No. 8) and conviction for selling oxycodone, a controlled substance, to an undercover police officer on June 18, 1984. Defendant was indicted for this sale and also, in a separate indictment (hereinafter indictment No. 9), for crimes stemming from a subsequent sale to the same officer which took place on June 26, 1984 (see, *People v Pollak*, 130 AD2d 911). Defendant was found guilty of the June 18, 1984 sale and was sentenced as a second felony offender. This appeal relates to defendant's conviction under indictment No. 8.

Prior to the return of indictments Nos. 8 and 9, defendant was charged with violating the terms of his probation stemming from his conviction upon a plea of guilty to the crime of attempted assault in the second degree, a class E felony. The

declaration of delinquency alleged that defendant had sold controlled substances on June 18, 1984 and June 26, 1984 to a police officer, thus breaching the condition of probation that he not violate any local, State or Federal law. Following a hearing, defendant was found to have made the sales and was found to be in violation of the terms of his probation. He was then resentenced on the attempted assault conviction to one year in the Otsego County Jail. Defendant contends that the probation violation proceeding placed him in jeopardy.

We find defendant's double jeopardy/collateral estoppel arguments without merit. The violation of probation proceeding did not constitute a prosecution within the meaning of CPL 40.20 (1), which states that, "A person may not be twice prosecuted for the same offense." The prosecution of an offense requires the filing of an accusatory instrument in a court of this State or any jurisdiction within the United States (CPL 40.30 [1]; *see, People v Santana,* 99 AD2d 586, 587). The declaration of delinquency filed against defendant which required his presence in court was not in the nature of an accusatory instrument and thus the proceedings attendant upon it did not place defendant in jeopardy as contemplated by CPL 40.20 (1). Accordingly, defendant's claim of double jeopardy fails.

Defendant's collateral estoppel argument is also without merit. The issue resolved in defendant's violation of probation proceeding differed from the issue underlying the criminal charges of indictment No. 8. The former referred to the question of whether defendant violated the conditions placed upon him during probation. The trial, on the other hand, related to whether defendant committed a crime.

We also find no merit as to defendant's allegations of error based on County Court's *Sandoval* ruling. Defendant contends that his prior conviction for attempted assault in the second degree was based on an unintentional, spontaneous act and should not have been used to impeach his credibility. We find that County Court did not abuse its discretion. The record contains support that the act was intentional.

Defendant next contends that a newspaper article describing the trial, which appeared on the day the case was submitted to the jury and in which reference was made to the drug sale of June 26, 1984, was prejudicial and in violation of strictures placed on counsel not to discuss the case. The District Attorney was quoted as the source of the article. We disagree. There is no indication that the jurors failed to follow County Court's instruction not to read accounts of the trial.

We also find no error in County Court's instructions to the jury in response to their request for the reading of certain testimony. We note that defendant did not object to the instructions and thus did not preserve any error for review on appeal.

Defendant's contention that he was improperly sentenced as a second felony offender is also unavailing. This contention was premised first on ineffective assistance of counsel, which we find meritless, and, second, on the contention that Penal Law § 120.05 (2) is unconstitutionally vague. This issue was resolved by *People v Cwikla* (46 NY2d 434, 442).

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.