■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK POLLAK, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered September 9, 1985, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in the fifth degree.

This appeal stems from defendant's conviction for selling six pills of oxycodone and 10 pills of chloralhydrate, both controlled substances, on June 26, 1984 to an undercover police officer. The arguments made by defendant as to double jeopardy and collateral estoppel were dealt with by us in *People v Pollak* (130 AD2d 908). We find no merit to these contentions.

At trial on this indictment (indictment No. 9), County Court permitted reference to defendant's alleged drug sale of June 18, 1984 (indictment No. 8). Defendant contends that this was error. County Court, relying on *People v Rose* (84 AD2d 645, *affd* 57 NY2d 837), permitted such inquiry on the issue of intent. We concur with that ruling. Although reference to other drug sales was not permitted in the trial on indictment No. 8, the variant here is that in the first trial the record contains independent evidence of defendant's intent to commit the crime, while here there was no evidence to that effect. Thus, reference to the June 18, 1984 drug sale was properly permitted.

Defendant's contention that he was foreclosed from cross-examining the People's witnesses and thus denied a fair trial is also without merit. Defendant's attempt to impeach the missing witness/informant by cross-examining police witnesses about his extensive record was correctly disallowed. There is no right to confrontation where a witness provides no evidence at trial. Further, the People were under no obliga-

tion to call this witness. We find no merit to the other issues raised by defendant.

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.