■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McGINLEY, Appellant.—Appeals by the defendant (1) from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered October 19, 1984, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence and (2) by permission, from an order of the same court, dated May 21, 1986, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction. On the appeal from the judgment the defendant seeks review of the denial, after a hearing, of that branch of his omnibus motion which was to suppress a written statement given by him to the police.

Ordered that the judgment and order are affirmed.

On the appeal from the judgment of conviction, the defendant argues, *inter alia,* that a written statement to the police should have been suppressed since it was elicited after he requested to speak with his attorney. However, the record of the plea proceedings indicates that in return for the bargained-for plea, the defendant expressly waived his right to raise on appeal any question with regard to the admissibility of his confession. Accordingly, his argument on this issue must be rejected (see, *People v Williams,* 36 NY2d 829, *cert denied* 423 US 873).

The defendant further argues that his attorney was ineffective in failing to advise him of the defenses of entrapment and agency. We disagree. At the plea, the defendant expressly indicated that he had discussed these defenses with his attorney. In addition the court, during the plea proceeding, directed defense counsel to confer with the defendant "again" on this issue, and the record indicates that the attorney and the defendant did immediately thereafter confer. Accordingly, this argument must be rejected (see, *People v Donovon,* 107 AD2d 433).

Finally, we have reviewed the sentence imposed and find it, under the circumstances, to be fair and appropriate (see, *People v Suitte,* 90 AD2d 80). Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.