THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN R. SEABERG, Appellant.

Second Department, July 11, 1988

## APPEARANCES OF COUNSEL

*Scott M. Karson (E. Thomas Boyle, P. C.,* of counsel), for appellant.

*Patrick Henry, District Attorney (Glenn Green* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The defendant was indicted on two counts of operating a motor vehicle under the influence of alcohol, as a felony. A jury trial was held in the County Court, Suffolk County (Tisch, J.), commencing on May 7, 1986, and on May 16, 1986, the jury rendered a verdict finding the defendant guilty of operating a motor vehicle with a blood alcohol content of .10 of 1% or more as to count one, and guilty of driving while impaired as to count two.

Sentencing took place on December 4, 1986, having been adjourned a number of times to allow the defendant to qualify for admission to the "TASC" program. During the interval between the verdict in May and the sentencing in December, the trial court, the District Attorney's office and the defense entered into negotiations as a result of which an agreement was reached whereby the District Attorney agreed not to oppose the defendant's entry into the "TASC" program and the defendant agreed to waive his right to appeal from the judgment rendered upon the jury verdict and all adverse rulings at trial. The agreement was subject to the further condition that if the defendant failed to successfully complete the "TASC" program, the court would resentence the defendant to incarceration for one year in the County Jail.

Apparently, the District Attorney's office had initially sought an indeterminate sentence of incarceration. Furthermore, the probation report had also recommended incarceration of not more than 60 days, probation, and special alcohol conditions, in view of the defendant's four prior convictions involving driving while intoxicated or impaired, his "alarming" behavior, and his apparent "minimizing [of] a well established pattern of alcohol abuse". At the time of sentencing, the court specifically noted that the prosecutor had been "reluctan[t]" to agree to a sentence which was more lenient that that offered prior to trial and went on to compliment him for eventually agreeing to the conditional sentence that was imposed.

During the proceedings, the defense counsel acknowledged that the defendant understood that the sentence was conditioned upon his waiver of his right to appeal, and added that both he and the defendant were "quite pleased" that the court was "allowing him this opportunity to avoid incarceration and hopefully deal with his alcoholic problem". The defendant thanked the court and stated that he was "very sincere about abiding by the rules set forth". The court also granted the defendant a certificate of relief from disabilities, the defendant having requested the same so that his business would be able to bid on Government and defense contracts and so that he could retain his Federal firearms permits.

The defendant now asserts that the enforcement of his express postverdict waiver of his right to appeal is against public policy and that the waiver is therefore void. He also contends that, in any event, the waiver should not be enforced because he allegedly did not voluntarily waive his right to appeal since the waiver was coerced by his desire to avoid imprisonment and that his will was undermined by the conduct of the court and prosecutor, who threatened imprisonment unless he waived his right to appeal.

It is settled law that particular aspects of the right to appeal may be forfeited or waived under certain conditions. For instance, a plea of guilty, by operation of law, generally precludes appellate review of nonjurisdictional defects in the proceedings (People v Motley, 69 NY2d 870, 871-872; People v Prescott, 66 NY2d 216, 220, cert denied 475 US 1150; People v Taylor, 65 NY2d 1, 5). Indeed, the failure to timely file a notice of appeal may preclude appellate review entirely (CPL 460.30 [1]).

The People contend that the defendant's waiver of his right to appellate review of his conviction upon a jury verdict and adverse trial rulings is analogous to waiver of the right to raise suppression issues on appeal as a part of a plea agreement (see, People v Williams, 36 NY2d 829, cert denied 423 US 873) and should be permitted. We agree with the People's contention that the waiver at issue is analogous to the waiver of the right to raise suppression hearing rulings on appeal. Not only is the denial of a suppression motion similar to the overruling of an objection at trial, but a suppression ruling may be just as important as a trial ruling because a suppression ruling may be pivotal to the proof of guilt at trial. Moreover, while CPL 710.70 (2) expressly preserves the right

to raise on appeal the denial of a suppression motion despite a guilty plea, appellate review of the suppression ruling may be expressly waived as a condition of a guilty plea *(People v Williams, supra; People v Moore,* 123 AD2d 363, *lv denied* 68 NY2d 1002).

Nor should the waiver at bar be unenforceable as violative of public policy. On the contrary, in the instant situation, the public interest is furthered since such a waiver permits the conservation of judicial and prosecutorial resources for those cases where more substantial issues are raised by the trial rulings and verdict. A similar analysis is the basis for upholding guilty plea agreements which necessarily waive certain rights attendant to trial and forfeit the right to renew arguments made before the plea was accepted *(People v Prescott, supra,* at 220; *see also, Brady v United States,* 397 US 742, 752).

Finally, as with a waiver of the right to appellate review of suppression rulings, various safeguards ensure against abuse of the practice of conditioning sentencing agreements on an explicit waiver of the right to appeal: "For example, a court can reject a plea agreement which includes a waiver of the right to appeal if the waiver appears to be other than knowing, voluntary and intelligent (see *People v Selikoff,* 35 NY2d 227, 235, cert den 419 US 1122), or a defendant can seek a postjudgment hearing on whether his waiver, and corresponding plea, was the result of duress, misrepresentation or fraud by the court or prosecutor (see CPL 440.10, subd 1, par [b]; 440.30) or a writ of habeas corpus for the same reasons (see Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 440.10, p 320)" *(People v Jandrew,* 101 AD2d 90, 93-94).

Like a guilty plea conditioned on a waiver of the right to appeal, the sentence agreement at bar allowed the defendant to exchange his promise not to appeal from the judgment of conviction and seek review of prior rulings in exchange for the prosecutor's promise not to oppose a disposition of the matter which the defendant saw as advantageous. Thus, the agreement benefited the defendant by foreclosing a harsher punishment and benefited the People by ending the litigation and allowing conservation of both judicial and prosecutorial resources. As the Court of Appeals noted in the analogous plea bargaining situation, "a defendant who accepts a 'carefully orchestrated bargain' should not keep the benefits [and

be relieved of the obligation which is his consideration for the bargain]" *(People v Prescott, supra,* at 220).

This position is supported by *People v Cox* (71 AD2d 798), where the defendant was found guilty by a jury of robbery in the third degree, and, at the time of his sentencing, the People moved to dismiss the remaining counts of the indictment in exchange for the defendant's waiver of his right to appeal from the judgment of conviction. Thereafter, the defendant did appeal and the People accordingly sought reinstatement of the remaining counts of the indictment. The Appellate Division, Fourth Department, observed: "The right to appeal is statutory (CPL 450.10), not constitutional. The right of appeal, however, is an important right and any waiver of it should be afforded similar formality which is occasioned upon the waiver of a constitutional right, such as taking a plea of guilty to a crime. At the very least the record should reflect an advised and knowing waiver entered into freely and voluntarily. Such is not present in this record and, accordingly, the People's request for reinstatement of the remaining counts of the indictment may not be granted" *(People v Cox, supra,* at 798). Hence, the Fourth Department implicitly recognized that a defendant could waive his right to appeal a judgment of conviction based upon a jury verdict. However, in *Cox,* no effective waiver was made out because: "Waiver is the voluntary and intentional relinquishment of a known right; knowledge and intent are essential elements. The record fails to disclose any inquiry by the court from which it could be determined that such waiver was a knowing waiver. The record does disclose that the waiver, if there was one, was against the advice of counsel" *(People v Cox, supra,* at 798). The voluntary and knowing standard is the same as that applied to determine whether a defendant has expressly waived the statutory right to appellate review of denial of suppression motions *(People v Williams, supra; People v Moore, supra; People v Jandrew, supra).*

More recently, the Appellate Division, Third Department, in dismissing a defendant's appeal from a sentence as being harsh and excessive, held "that where, as part of a negotiated plea, a defendant clearly waives his right to appeal from the offered sentence, and the sentence is lawful, such waiver will be given effect so long as it is knowing, voluntary and intelligent" *(People v Harvey,* 124 AD2d 943, 944, *lv denied* 69 NY2d 746; *see also, People v Perdomo,* 137 AD2d 769; *People v Claussell,* 137 AD2d 830).

Because the record reflects that the defendant's acceptance of the sentence and his waiver of his right to appeal was voluntary and with full comprehension of the condition of the sentence, the waiver herein should be enforced and the appeal dismissed *(see, People v Williams, supra,* at 830).

The defendant was represented at sentencing by trial counsel who, by virtue of his representation, was thoroughly familiar with the trial proceedings, the defendant's prior record of convictions involving driving while intoxicated or driving while impaired, the prosecutor's pretrial plea offer, the Probation Department's recommendation of up to 60 days incarceration and the prosecutor's initial recommendation of an indeterminate sentence of 1 to 3 years (Penal Law § 70.06 [3] [e]). The record shows that during the nearly seven months between the verdict and sentencing, counsel had been involved in numerous conversations with the prosecutor and the court. The waiver condition was agreed to and arrangements were made so that the defendant was eligible for the "TASC" program and the prosecutor agreed not to oppose his admission to the program *(see,* Vehicle and Traffic Law § 521 [1]).

The defendant had more than ample time to weigh the relative merits of the sentence under consideration against the right of an appeal *(see, People v Esajerre,* 35 NY2d 463). Significantly, the defendant did not promptly proceed to sentencing and then seek a stay of execution of the sentence pending appeal. Instead, as evidenced by the record, the defendant, on advice of counsel, took the initiative and opted to eliminate the possibility of incarceration in exchange for waiving his right to appeal.

Although the defendant now contends that the court and prosecutor overbore his will by threats of incarceration, the record reflects no such coercion. Indeed, the court noted that the prosecutor's reluctance was overcome by the persistence of the defendant.

Finally, the defendant urges that the inherent coercion of the postverdict, presentence atmosphere precludes voluntariness. Although it is true that the defendant would have faced the possibility of a harsher sentence had he not accepted the waiver condition, both the Court of Appeals and the United States Supreme Court have recognized that such "situational coercion" does not make an agreement unenforceable so long as the record reflects that the agreement was voluntarily entered into with full comprehension on the defendant's part

*(People v Williams, supra,* at 830; *see also, Brady v United States,* 397 US 742, 749, 751-752, *supra; People v Feingold,* 125 AD2d 587, *lv denied* 69 NY2d 880; *People v Moore,* 123 AD2d 363, *lv denied* 68 NY2d 1002, *supra).*

In view of our disposition of this issue, we do not reach the other contentions raised by the defendant on this appeal.

WEINSTEIN, J. P., EIBER, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the appeal is dismissed.