■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY P. CASTILLO, Appellant.—Casey, J. Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered November 23, 1987, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

On December 1, 1986, the vehicle that defendant was driving was stopped for speeding by a State Trooper on the Thruway in the Town of Coxsackie, Greene County. Visually, the speed of the vehicle was estimated at 68 miles per hour. Radar confirmed the speed at 67 miles per hour. In response to the Trooper's initial inquiry, defendant produced a New York learner's permit. His passenger produced a Puerto Rican

license. Believing that the passenger's license did not authorize defendant to drive in New York, the Trooper ran a computer check against the names of defendant and his passenger. The check revealed that both men had their driving privileges suspended in this State and that the vehicle registration was suspended for lack of appropriate insurance. The Trooper then informed defendant that lacking an authorized driver the vehicle would have to be towed and that an inventory search was required in accordance with the policy and rules of the State Police. In the course of the inventory search, the Trooper took the key from the vehicle and opened the trunk. A large green opaque plastic garbage bag with dirty dungarees protruding from it was observed. The bag was untied and in it a small brown lunch bag was found, containing what the Trooper then believed to be cocaine. Defendant immediately started to walk briskly toward the front of the vehicle. The Trooper placed his hand on his weapon, called to defendant to stop. He arrested defendant and his passenger, and advised them of their *Miranda* rights. When it appeared that they did not understand the *Miranda* warnings due to a language barrier, the Trooper summoned the officer who operated the radar unit to administer the warnings in Spanish, which he did.

Defendant was indicted for criminal possession of a controlled substance in the first degree in violation of Penal Law § 220.21 (1), a class A-1 felony. He moved for suppression of the cocaine seized from the vehicle's trunk. County Court, noting that inventory searches were a recognized exception to the warrant requirement in New York *(see, People v D'Abate,* 37 NY2d 922, 923), ruled that the inventory search in these circumstances was reasonable and denied defendant's motion to suppress the evidence. The court found that the failure to place defendant under arrest at the time was immaterial.

Following the denial of his motion to suppress, defendant negotiated a plea bargain whereby he was permitted to plead to a reduced charge of criminal possession of a controlled substance in the second degree, a class A-2 felony, for which he would be sentenced to an indeterminate prison term of five years' to mandatory life, on condition that defendant waive his right to appeal. The plea bargain was explained to defendant by his attorney through a translator and he accepted it. Defendant was sentenced as promised.

On this appeal, defendant attacks as improper the impounding of his vehicle and the illegality of its search and seizure. Defendant fails to address the issue of the waiver of his right

to appeal. In our view, this issue must be addressed first. This court has specifically held that a defendant may knowingly, voluntarily and intelligently waive his right to appeal where the sentence imposed was lawful *(People v Maye,* 143 AD2d 483, 484, *lv denied* 73 NY2d 788). We find this rule applicable here, even though the waiver did not expressly mention that the right to appeal the denial of the suppression motion was being specifically waived. As we stated in *People v Jandrew* (101 AD2d 90, 91), there is "no logical reason why defendant's general waiver of the right to appeal, it appearing from the surrounding circumstances that defendant comprehended the import of his waiver, should not include a waiver of the right to appeal from the denial of his suppression motion". Defendant was fully informed of the charge against him and of the possible sentence that could stem from that charge as an A-1 felony. As part of the plea bargain defendant received a reduction, both in the charge to which he pleaded and in the sentence imposed. Defendant's appeal should, therefore, be dismissed *(see, People v Seaberg,* 139 AD2d 53, *lv granted* 72 NY2d 1049).

If we were to consider the merits, we would, nevertheless, affirm the judgment of conviction. In New York, inventory searches are a recognized exception to the warrant requirement *(see, People v Sullivan,* 29 NY2d 69). The circumstances here clearly support the necessity of the inventory search made pursuant to State Police procedure. The stop of defendant's vehicle for speeding was clearly justified *(see, People v Ingle,* 36 NY2d 413). Defendant was not authorized to drive because his license had been suspended and because he possessed only a learner's permit. Driving pursuant to a learner's permit is authorized only if done under the supervision and control of a person who is at least 18 years of age and who possesses a valid driver's license (Vehicle and Traffic Law § 501 [5] [a] [ii]). Defendant's passenger did not qualify for such supervision. Thus, the vehicle had to be impounded and an inventory search conducted to ascertain exactly what property would be subject to State Police control by the impoundment of the vehicle. Contrary to defendant's contention, the police are not required to remove the vehicle to police headquarters before conducting an inventory search *(People v Cammock,* 144 AD2d 375). Inventory searches are judged by reasonableness *(see, People v Gonzalez,* 62 NY2d 386, 389) and here it was reasonable for the officers to search the plastic bag and the paper bag contained therein to inventory any and all items that such bags might contain to protect the police from false claims for missing property *(see, People v Gonzalez, supra).*

Appeal dismissed. Mahoney, P. J., Casey, Mikoll and Mercure, JJ., concur.

Yesawich, Jr., J., concurs in a memorandum. Yesawich, Jr., J. (concurring). I concur in the result under constraint of *People v Jandrew* (101 AD2d 90).