OPINION OF THE COURT
Frederic T. Henry, Jr., J.
Defendant has moved for dismissal of the indictment counts *285 for insufficient evidence presented to the Grand Jury. In addition he seeks dismissal of count three (criminal possession of a weapon in the fourth degree, Penal Law § 265.01 [4]) asserting this court did previously issue a certificate of relief from disabilities which would allow him to possess firearms. In response to the motion, this court has reviewed the Grand Jury minutes and finds the proof sufficient to support the indictment counts.
As to the issue raised concerning count three, Penal Law § 265.01 (4) provides that a person is guilty of criminal possession of a weapon, fourth degree, when he possesses a rifle or shotgun and has been convicted of a felony or serious offense. However, section 265.20 (a) (5) excepts a person to whom a certificate of good conduct has been issued pursuant to section 703-b of the Correction Law.
Although no cases are clearly on point, the 1975 Opinions of the Attorney-General at page 306 indicate that a certificate of relief from civil disabilities issued by a County Court may remove the statutory bar to apply for or receive a pistol license and possession of short and long weapons. Also in dicta in People v Seaberg (139 AD2d 53, 55, affd 74 NY2d 1) it was noted that the court granted a certificate of relief from civil disabilities so that the defendant could retain his Federal firearms permit (and presumably his firearms).
Licensing statutes in New York generally exclude individuals convicted of felonies and other enumerated criminal acts. Each statute provides an exception for individuals pardoned or granted a certificate of good conduct (see, Agriculture and Markets Law §§ 96-z-3, 129; Banking Law § 369; Education Law §§ 2018-a, 2018-b; Executive Law §§ 130, 175; General Business Law §§ 74, 81; Insurance Law § 2108; Public Health Law §§ 2897, 3454, 3510; Real Property Law § 440-a; Tax Law § 283; Town Law §§ 84-a, 213-a; McKinney’s Uncons Laws of NY § 9933). Other provisions also allow an exception for those pardoned or those who have obtained a certificate of good conduct or a certificate of relief (see, Alcoholic Beverage Control Law §§ 102, 126; Executive Law § 435; General Business Law § 69-o; General Municipal Law §§ 189-a, 191, 476, 481; McKinney’s Uncons Laws of NY §§ 10051, 10052).
It appears there is some intended distinction between the two certificates; however, the language in Correction Law §§ 701 (certificate of relief) and 703-a (certificate of good conduct) are identical except that certificates of relief are broader *286 in that they release an individual of forfeitures as well as any disability or bar to employment automatically imposed by law by reason of conviction of a crime on a specified offense. Certificates of relief are, however, available only to "eligible offenders” defined in section 700 (1) (a) as a person who has been convicted of a crime or of an offense, but who has not been convicted more than once of a felony. A certificate of good conduct is available to any individual. Certificates of relief may be issued by either the court (§ 702) or the State Board of Parole (§ 703). A certificate of good conduct may be issued solely by the State Board of Parole (§ 703-6).
I would determine it unfair to base prosecution and a potential maximum one-year jail sentence upon the insignificant distinction between the two certificates. Accordingly, the third count of the indictment is dismissed.