■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEOPOLD PESCATORE and PANTALEO RUOCCO, Appellants. — Appeals by defendants from two judgments of the County Court, Westchester County (Martin, J.), one rendered April 13, 1983, convicting defendant Leopold Pescatore of possession of gambling records in the second degree, upon his plea of guilty, and imposing sentence, and the other rendered May 2, 1983, convicting defendant Pantaleo Ruocco of possession of gambling records in the first degree, upon his plea of guilty, and imposing sentence. These appeals bring up for review the denial of those branches of defendants' pretrial motion which sought suppression of certain evidence (McNab, J.). ¶ Judgments affirmed, and as to defendant Ruocco matter remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). ¶ The defendants, Pantaleo Ruocco and Leopold Pescatore, were indicted for possession of gambling records in the first degree, promoting gambling in the first degree, and possession of gambling records in the second degree. The charges stemmed from the execution of a search warrant, during which policy slips and a quantity of United States currency were seized from the defendants and Ruocco's 1976 yellow Lincoln automobile. The warrant issued by County Court Judge Carmine Marasco on February 11, 1982 authorized the search of Ruocco and an unidentified but described male (presumably Pescatore), as well as the search of "a 1969 Gold Cadillac, New York Registration number 931-GDE and any car driven or occupied by Ruocco". The affidavit submitted in support of the application for the warrant specifically mentioned both that vehicle and the 1976 yellow Lincoln. ¶ The defendants made a pretrial motion for, *inter alia,* "an Order suppressing any and all evidence seized at the time [the defendants were] arrested * * * on the grounds that said evidence was seized without a valid warrant, warrant of arrest, without consent and without probable cause prior to the arrest of [the defendants] and after an exploratory search" in violation of their Federal and State constitutional rights as well as their State statutory rights. Although defendants mentioned "DISCOVERY OF CONFESSION AND HEARING UPON VOLUNTARINESS" in the caption of the notice of motion, they actually requested a hearing "on the voluntariness of the alleged statements * * * pursuant to Section 710.20 of the Criminal Procedure Law" for

the first time in their reply to the People's affirmation in opposition to the motion. The defendants also denied that they were given their *Miranda* warnings (see *Miranda v Arizona,* 384 US 436) and that they made any statements to law enforcement officers. ¶ By order entered June 15, 1982, the County Court, without a hearing, granted the motion to suppress physical evidence with respect to defendant Ruocco. As to defendant Pescatore, the court held, "for lack of standing * * * the court would grant [the] motion only insofar as those items found on [Pescatore's] person are concerned and otherwise deny [his] motion to suppress [physical evidence] in all other respects". Upon reargument, however, the County Court vacated its suppression order as to both defendants and denied their motion to suppress, concluding in essence that the warrant was proper and based upon probable cause. No mention was made in either order of the defendants' application for a hearing to determine the voluntariness of their alleged statements nor was any mention made of the defendants' allegations that they were not properly advised of their *Miranda* rights and that they made no statements to law enforcement officers. ¶ Thereafter, Pescatore pleaded guilty to the crime of possession of gambling records in the second degree in full satisfaction of the indictment. In addition to pleading guilty, Pescatore agreed to "withdraw all motions" and acknowledged that he was waiving his right to appeal the County Court's determination of those motions. At the same proceeding, Ruocco pleaded guilty to the crime of possession of gambling records in the first degree in full satisfaction of the indictment. However, he did not, as a condition of accepting the plea, withdraw his previously made motions. ¶ On these appeals, the defendants contend, *inter alia,* that the County Court erroneously denied that branch of their motion which sought to controvert the search warrant, and that the court should have ordered a hearing to determine the admissibility of statements they allegedly made to law enforcement officers. ¶ By pleading guilty, and acknowledging that, by withdrawing his pretrial motions, he was waiving his right to appeal, Pescatore is now foreclosed from raising on appeal Criminal Term's order denying that branch of the motion which sought to controvert the search warrant (see *People v Williams,* 36 NY2d 829; *People v Rolston,* 66 AD2d 617, 629, n 5, affd 50 NY2d 1048; *People v Corti,* 88 AD2d 345). Further, the defendants may not seek review of the issues presented in that branch of their motion which sought a hearing to determine the admissibility of statements allegedly made to law enforcement officers. Having pleaded guilty before judicial resolution of that motion, the defendants waived their right to appellate review (see *People v Corti, supra*). ¶ We have reviewed Ruocco's challenge to the warrant and the defendants' remaining contentions and find them to be without merit. Were we to review the issues not preserved for appellate review we would also find them to be without merit. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.