■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS LAINO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered January 10, 1985, convicting him of attempted criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial of that branch of defendant's pretrial motion which sought suppression of certain evidence.

Judgment affirmed.

On this appeal, defendant contends, *inter alia,* that the Supreme Court erroneously denied that branch of his motion which sought suppression of certain evidence seized pursuant to a search warrant. Defendant also seeks suppression of statements allegedly made to law enforcement officers.

The above matters relating to suppression of evidence allege nonjurisdictional defects which generally would be waived by a plea of guilty *(see, People v Thomas,* 74 AD2d 317, 321, *affd* 53 NY2d 338; *People v Zangrillo,* 105 AD2d 822). However, CPL 710.70 (2) creates a statutory exception to the general rule in cases where "[a]n order finally denying a motion to suppress evidence" has been made. Thus, defendant is entitled to review of the denial of that branch of his motion which was to suppress tangible evidence notwithstanding his guilty plea unless defendant expressly waived such right to appeal *(see, People v Williams,* 36 NY2d 829, *cert denied* 423 US 873; *People v Pescatore,* 102 AD2d 834). Upon the record before us, it does not appear that defendant made an express waiver of

his right to appeal. Nevertheless, upon consideration of this issue, we find that the Supreme Court properly denied suppression. Sufficient evidence was presented to the Judge who issued the search warrant pursuant to which the evidence sought to be suppressed was seized for a determination that probable cause existed for its issuance *(see,* CPL 690.40). With respect to that branch of defendant's motion which sought to determine the admissibility of statements allegedly made to law enforcement officers, defendant waived his right to appellate review by pleading guilty prior to judicial resolution of the issue *(see, People v Querica,* 106 AD2d 589; *People v Pescatore, supra; People v Corti,* 88 AD2d 345).

Defendant's challenge to his plea has not been preserved by motion to withdraw the plea (CPL 220.60 [3]) or motion to vacate the judgment (CPL 440.10; *see, e.g., People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636), and nothing in this record persuades us that vacatur is warranted in the interest of justice.

We have reviewed defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Brown, Weinstein and Lawrence, JJ., concur.